CARTER, WELSH & CO. *v.* LYMAN, SEARS & CO.

1. CHANCERY: PLEADING: MUST BE CERTAIN AND DEFINITE.—The averment in a bill in equity, filed for a new trial at law, that the complainants "are of opinion" that the note upon which the judgment was rendered, was altered after it was given, is too vague and indefinite, even if confessed, to authorize a decree.

2. SAME: NEW TRIAL: COMPLAINANT MUST SHOW A GOOD EXCUSE FOR NOT DEFENDING AT LAW.—That two of the three complainants, who were defendants in a judgment at law, were not served with process at the return term of the writ, and that at the next term to which they had been served with process, they pleaded to the action, and their attorney unintentionally withdrew their plea and permitted judgment to be entered against them, is not a sufficient reason for not making their defence at law, so as to authorize the granting of a new trial by a court of equity.

3. SAME: EFFECT OF ALTERATION OF NOTE.—Upon an application to a court of equity for a new trial at law, to enable the complainant to make the defence, that the note on which the judgment was rendered had been altered as to the place of payment, the alteration would be considered only as it might affect the interest accruing on the note.

IN error to the Chancery Court of Kemper county. Hon. William L. Harris, chancellor.

Carter, Welsh, & Bevill filed their bill in the court below, to obtain a new trial at law, in a certain cause, wherein Lyman, Sears & Co. had obtained a judgment against them, in the Circuit Court of Kemper County, for about $700.

The bill charged, that said Lyman, Sears & Co. commenced an

action against them to _____ Term of court, A.D. 1854, to recover the amount of a promissory note, made by the complainants; that only one of them was served with process to that term of the court; that an alias summons was issued against the other two, which was served to the next regular term of the court, which was the appearance term as to them; that they employed an attorney to plead to the action, and instructed him to prevent a recovery of a judgment against them at that term; that the record recited that their plea had been withdrawn at that term of the court, and thereupon, that a judgment was then entered against them, for the amount of the note and eight per cent. interest per annum; that they do not believe that their said attorney "intentionally withdrew the plea, if he was cognizant of the fact of judgment being entered at all."

The bill further alleged, " that when said note was first written, it was drawn payable in New Orleans, La., and changed to Mobile, Ala., and that complainants are of opinion that said note was altered, after drawn and signed."

The defendants filed a demurrer to the bill, which being sustained by the chancellor, the complainants sued out this writ of error.

*Freeman* and *Dixon*, for plaintiffs in error.

*T. Reavis*, for defendants in error.

1. The bill wants equity, because it does not allege with certainty, that the note was altered after it was executed. It only alleges, that orators are of opinion that it was so altered. This is not sufficient. Story's Eq. Plead. sect. 242–260; *Jones* v. *Cowles*, 26 Ala. Rep. 612; *Read* v. *Walker*, 18 Ala. Rep. 332; *McDowell* v. *Graham*, 3 Dana, 73; *French* v. *Garner*, 7 Porter, 549.

2. The bill wants equity, because it does not deny the validity of the consideration of the note, and does not offer to pay the amount really due.

3. The bill wants equity, because it shows no sufficient excuse for not defending at law, nor any other ground for equitable interposition. 5 How. Rep. 105; 3 Smedes & Marsh. R. 439; 4 Ib.

Davis & Weathersby *v.* Hoopes & Bogart.

358; 7 Ib. 185; 13 Ib. 698; 14 Ib. 158; 11 Ib. 140; 23 Miss. Rep. 406, 514.

FISHER, J., delivered the opinion of the court.

The object of this bill was to enjoin the defendants in error from enforcing a judgment which they had recovered against the plaintiffs in error, and to obtain a new trial at law in the same case.

The bill avers that the complainants "are of opinion" that the note upon which the judgment was obtained, was altered after it was executed, by changing the place of payment from New Orleans to Mobile. This averment is too vague and indefinite, even if confessed, to authorize a decree. But, aside from this objection, the alteration, as viewed by a court of equity, would affect only the interest which would accrue on the note, in consequence of the debtors' failure to perform their contract,—the interest of Louisiana being five per cent., and of Alabama eight per cent. This is the whole merit of the case, and no sufficient reason is given for not making this defence at law.

Decree sustaining the demurrer to the bill affirmed.

---

JOHN DAVIS & GEORGE R. WEATHERSBY *v.* HOOPES & BOGART.

