## JENNIE NEWMAN vs. MEYER MORRIS.

1. INJUNCTION AGAINST JUDGMENT AT LAW : *Negligence on part of complainant.*
Equity will not grant injunction against judgment at law where there has been negligence on the part of the complainant or his agent in the legal proceedings.

2. SAME : *Case in judgment.*
Where it appeared that a judgment was rendered against a married woman by consent of her lawyer and her husband, who was present and held power of attorney from her to transact her business, and she was herself in the town where the court was in session, though sick, a court of equity will not, in the absence of fraud, enjoin it and grant a new trial, even though entire justice may not have been done her.   Her remedy, if any, is against her agent.

3. FEME COVERT TRADING AS A FEME SOLE: *Bound for firm debts contracted by partners.*

A married woman trading as a *feme sole*, under § 1780 of Code, may enter into a mercantile partnership, and when she does so will be bound for firm debts, whether contracted by herself or copartner.

APPEAL from the Chancery Court of *Washington* County.

Hon. E. STAFFORD, Chancellor.

All the material facts in the case are stated in the opinion of the court.

The errors assigned are as follows :

1. The court erred in sustaining the motion to dissolve the injunction granted therein.

2. The court erred in rendering the final decree dismissing the bill. The decree should have been in favor of complainant, and granting her a new trial, as prayed.

*W. L. Nugent*, for appellant :

The judgment was rendered for $266.50. It was enjoined because fraudulently obtained. The Revised Code of 1871, § 1780, provides "* * * and when a married woman engages in business or trade as a *feme sole*, she shall be bound by her contracts, made in the course of such trade or business, in the same manner as if she was unmarried." The power to so engage in business is not expressly given. It can only be gathered by implication. She is liable, by same paragraph, for supplies, etc. See Fox *v.* Davis, MSS. Opinion Book " B," 380 ; Carry *v.* Dixon, MSS. op., Oct. term, 1874.

But, if the judgment was good, the new trial should have been granted. The defense suggested was ample. She proposed to prove on the new trial that she never contracted the debt, knew nothing about it, and was not a member of the firm of " Martin & Newman." See 7 S. & M., 573 ; 2 Johns. Ch., 228 ; 6 Rand., 125 ; Walker, 505 ; 1 S. & M., 608 ; ib., 466 ; 5 How., 539 ; 1 A. K. Mar., 237 ; 6 Johns. Ch., 89 ; 7 Cranch, 332.

*Frank Johnston*, for appellee :

The only question is whether the decree was proper dis-

missing the bill. It enjoined a judgment at law, on two grounds : 1st. The complainant had no opportunity to defend at law ; and, 2d, that she has a good defense. It was not a judgment by default, but rendered at the trial term. The rule is that there must be no negligence. 7 Cranch, 336 ; 51 N. H., 386 ; 4 George, 171 ; 1 S. & M., 608 ; 2 Cush., 414 ; 11 S. & M., 140. The court cannot decide the question of diligence unless it is informed by the bill. 3 George, 625 ; 12 S. & M., 279. Mrs. Newman, under the statute, could go into trade as a *feme sole*. Code, 1871, § 1780, Having capacity, she went into trade, and bound herself for the debt upon which the judgment was rendered.

If an error in the judgment of a party or his agents, or the negligence of one's attorney, is good ground for equitable interference, there is no saying when a judgment is conclusive. There is no proof that there was any *fraudulent conduct* on the part of the creditor.

CHALMERS, J., delivered the opinion of the court.

This was a bill filed by Mrs. Jennie Newman to enjoin a judgment against herself and another, rendered by the circuit court of Washington county, and for a new trial of the suit at law. The grounds relied on in the bill were that she was not legally bound for the debt upon which the judgment was founded ; that she was ill at the term of court at which it was rendered, and thereby unable to attend court ; that she relied upon her husband and her co-defendant, Martin, to protect her interest, and that they fraudulently colluded with the plaintiff in the rendition of the judgment.

No proof of any fraudulent collusion between the judgment creditor and the husband and other defendant is shown. On the contrary it is quite evident that there was none.

The judgment was indeed entered by consent of all parties, and with the concurrence of the attorney of Mrs. Newman, who had been employed by her husband, acting as her agent. Whether she was legally liable for the debt depends upon testi-

mony somewhat conflicting, but the weight of which, we think, establishes her liability. However this may be, there is no sufficient ground shown for the interposition of a court of equity. Complainant was perhaps sick during the term of the court, but she lived with her husband in the town where it was held, and he attended the court and, in connection with her attorney, made the agreement with the creditor in pursuance of which the judgment was rendered.

No motion for a continuance was made on account of her absence, nor any motion to set aside the judgment during the term, and it is not alleged in the bill that she remained ignorant of the rendition of the judgment until after the court had adjourned.

Her husband not only acted as her agent in this matter, but he also held a general power of attorney from her, duly acknowledged and recorded, authorizing him to transact any and all business for her as fully as she could do in person.

As before remarked, there is no proof of any fraud having been practiced upon her in any respect by anybody; certainly none by the plaintiff in the suit at law. If any injustice has been done her, her remedy is against her husband, who was her agent. Where either a party or his agent has been negligent in a suit at law, equity will not interfere in his behalf. Carter v. Lyman, 33 Miss., 171; Porter v. Killpatrick, 2 Cush., 414; Robb v. Halsey, 11 S. &. M., 140.

In the suit at law Mrs. Newman was sued upon a debt alleged to have been contracted by the mercantile firm of Newman & Martin, of which she was a member. She was treated and sued as a *feme covert* trading as a *feme sole*, under that provision of § 1780 of the Code of 1871 which declares that "when a married woman engages in trade or business as a *feme sole*, she shall be bound by her contracts, made in the course of such trade or business, in the same manner as if she was unmarried."

It is argued that under this section a married woman cannot engage in a commercial partnership so as to bind herself for

the partnership debts, because in that event she would become bound for debts contracted by her partner, whereas the statute only binds her for "her contracts made in the course of such trade or business." This is giving undue emphasis, and a too literal construction, to the personal pronoun. "She shall be bound in the same manner as if she was unmarried," says the statute. If unmarried, the contract of her partner would be her contract. The implied authorization of the statute for a married woman to trade as a *feme sole* gives her the power to enter into a partnership as a *feme sole* can. Having entered into it, all future contracts made by her partner about the partnership business become her contracts as fully as if made by her in person.

Let the decree be affirmed.