ANN H. HARPER, ADMINISTRATRIX, *v.* W. H. LACEY.

1. CHANCERY.　*Bill for specific performance of joint title-bond. Pleading and practice. Evidence.*
   Where, in a suit to enforce specific performance of a joint bond for title, conditional for a conveyance of the land upon payment of the purchase-money, one-half to each of two obligors, the bill alleges payment of the money due one of the obligors only, the complainant is not entitled to a decree for the relief sought, even though the evidence show that all of the purchase-money has been paid, there being no allegation upon which to introduce such evidence.

2. SAME.　*Bill to enforce joint title-bond. Parties.*
   Both of the two obligors in a joint bond for title to land should be made parties to a bill by the obligee to enforce specific performance of such bond.

3. ESTATE OF DECEDENT.　*Claim against. Proof of loss of written instrument. Competency of claimant.*
   Our statute prohibiting a party in interest from testifying to establish his own claim against the estate of a deceased person does not preclude him from testifying to the loss of the written instrument upon which he bases his claim, for the purpose of laying a foundation for the introduction of the testimony of other persons, as secondary evidence, to prove the contents of such instrument.

APPEAL from the Chancery Court of Scott County.

HON. T. B. GRAHAM, Chancellor.

The bill in this cause was filed by W. H. Lacey, as the sole heir of his father, J. B. Lacey, deceased, to enforce specific performance of a bond for title to a certain tract of land, given by J. C. Harper and Lod Moore to J. B. Lacey. Ann H. Harper,

the widow of J. C. Harper (he being dead), and administratrix of his estate, and the children of the decedent, were made parties defendant to the bill. Ann H. Harper demurred to the bill because of the failure to make Lod Moore a party to the suit. The demurrer was overruled and the defendants answered.

The allegations of the bill and the scope and effect of the evidence are sufficiently stated in the opinion of the court. The deposition of the complainant was taken to show that he had never had in his possession the title-bond above referred to, and did not know and never had known who had the same, the object being to establish the loss of the bond, with the view of proving its contents by secondary evidence. His deposition was confined to the points indicated, and the contents of the bond were proven by other witnesses. The defendants made a motion to suppress the complainant's deposition, but the motion was overruled. Upon final hearing the court rendered a decree ordering a conveyance of the interest of J. C. Harper, deceased, in the land embraced in the bond for title to be executed to the complainant. From this decree Ann H. Harper appealed to this court.

*J. K. P. Palmer,* for the appellee.

The demurrer should have been overruled and the court was correct in overruling the same, because Moore was not a proper party to this suit. Nothing was sought of Moore and nothing was sought of Harper that affected Moore in any way. The bill shows that at the time of the purchase and sale of the land there was a separation and division of the interest of each of Harper and Moore—each taking notes for his half of the purchase-money payable to himself, and not payable to them jointly but severally. The bill then shows that Harper has been paid the amount agreed to be paid to him, and asks that he, or his administratrix, be required to deed to complainant whatever interest said J. C. Harper had in the land.

The appellee did not testify to establish his claim against the estate of a deceased person, he only said he did not know anything as to the whereabouts of the bond for title, or whether such title-bond ever existed or not. Discard his testimony out of the

case, and then we have shown all we could show and by the best testimony.

*W. R. Harper*, for the appellant.

The court allowed the complainant, W. H. Lacey, to testify as to the loss of this title-bond. Now the statutes of our State declare that "no person shall testify as a witness to establish his own claim of any amount for or against the estate of a deceased person, which originated during the lifetime of such person." Rev. Code 1880, § 1602. Now what is meant by claim? Does the demand of complainant to have the administratrix make him a deed to this land fall within the provision of the statute? It has been held time and time again that any *right* or *demand* whatsoever, against the property, either real or personal, of a dead man, is a claim within the meaning of the statute, if such a right originated during the lifetime of such deceased person. *Lamar* v. *Williams*, 39 Miss. 347; *Rothchild* v. *Hatch*, 54 Miss. 560. See also *Jack* v. *Bridewell*, 51 Miss. 887; *Jones* v. *Sherman*, 56 Miss. 564.

But if every fact set out in the bill be true, still this suit should have been abated and the demurrer for want of proper parties sustained. By statute of our State all parties holding land jointly are made tenants in common. Now it seems to be well settled that tenants in common of an undivided interest must either sue or be sued *jointly*, on rights connected with the land. Story's Equity Pleading, § 159. See also *Fellows* v. *Williamson*, 17 Vesey Jr. 312; *Calvert* v. *Bradley*, 16 How. (U. S.) 580; *Foley* v. *Addenbrooke*, 4 A. & E. 197; *Bradburn* v. *Botfield*, 14 M. &. W. 589.

COOPER, J., delivered the opinion of the court.

By his bill complainant charges that Harper and Moore entered into a joint bond for title, conditioned to make a conveyance of the land upon the payment of the whole purchase-money, one-half of it to Harper and one-half to Moore. The only averment as to payment is that the one-half of the purchase-money due to Harper had been paid. If a *pro confesso* had been taken on the bill the complainant would not have been entitled to a final decree thereon, for the conveyance was to be made only upon the payment of all the

money. It is true the proof shows that as a matter of fact the sum due to Moore had also been paid previous to the institution of the suit, but there is no allegation in the pleading on which the evidence can be introduced. *Carter* v. *Lyman*, 33 Miss. 171; *Chaffe* v. *Taliafero*, 58 Miss. 544; Daniel's Chancery, vol. 1, 361. When the case returns to the lower court the complainant can amend the bill by making Moore a defendant, and by inserting an averment that all the purchase-money had been paid.

The objection to the testimony of the complainant is not well founded. The statute prohibiting a party in interest from delivering testimony to establish his own claim against the estate of a decedent was not intended to abrogate the common-law rule that a party in interest may testify to the loss of an instrument to lay the foundation for the introduction of secondary evidence of its contents.

The proof abundantly sustains the complainant's right to the relief granted.

*Decree reversed.*