[No. 12049.   Department Two. — December 5, 1889.]

# EVAN DAVIS ET AL., APPELLANTS, *v.* JOHN E. CHALFANT, RESPONDENT.

BILL IN EQUITY FOR NEW TRIAL — SETTING ASIDE JUDGMENT — NEGLIGENCE, FRAUD, AND MISTAKE OF ATTORNEY — PLEADING. — A complaint in an equitable action to set aside a judgment and to obtain a new trial, on the ground that by the negligence, fraud, and mistake of plaintiff's attorney, plaintiff had lost the right to appeal from such judgment, which makes no charge of fraud against the defendant, nor of collusion between defendant and plaintiff's attorney, nor that the plaintiff did not have a fair and impartial trial, does not state facts sufficient to constitute a cause of action.

ID. — ALLEGATION OF FRAUD. — The allegation that the judgment and order denying a new trial were unjust, inequitable, and against law, do not indicate or imply, with sufficient certainty, any fraud on the part of the defendant, since a judgment may be unjust, inequitable, and erroneous without being fraudulent or subject to be set aside by a court of equity.

ID. — IMMATERIAL ERROR IN REJECTING EVIDENCE. — In cases of this class, it should be made to appear with reasonable certainty that a new trial would result in a judgment more favorable to the party asking it than the judgment sought to be set aside; and therefore an error of the court, in refusing to permit a witness to be cross-examined as to a fact, is immaterial for any purpose of this suit, without showing what would have been the testimony on such cross-examination, had it been permitted.

APPEAL from a judgment of the Superior Court of Mendocino County.

The facts are stated in the opinion.

*Scrivner & Boone,* and *B. Schlesinger,* for Appellants.

*Carothers & Wheeler,* for Respondent.

VANCLIEF, C.—In April, 1882, John E. Chalfant, the defendant herein, commenced an action against the plaintiffs herein (Davis and Jones) to foreclose a mortgage executed by Jones to Aaron Chalfant, and assigned to the plaintiff in that action. Davis was made a defendant therein as a purchaser of the mortgaged premises subsequent to the mortgage. Jones failed to answer, and his default was duly entered. Davis answered, and upon his answer alone the cause was tried, and the trial resulted in a decree for the plaintiff foreclosing the mortgage, entered July 21, 1882. From that decree and from an order denying a new trial, appeals were taken to this court; but because the undertakings on appeal were filed more than one month before the filing of the notice of appeals, the appeals were dismissed on the twenty-sixth day of January, 1885.

The object of the present action (commenced October 26, 1885) is to set aside and vacate the decree of foreclosure and the order denying a new trial of the action of *Chalfant* v. *Davis and Jones,* and to obtain a new trial of that action.

The complaint, and exhibits thereto attached, occupy fifty-five pages of the transcript, the exhibits consisting of the judgment roll and the statement on motion for new trial in the foreclosure action. To this complaint the defendant demurred, on the ground "that it does not state facts sufficient to constitute a cause of action against him."

The demurrer was sustained; and upon failure of plaintiffs to amend their complaint, final judgment was rendered in favor of the defendant. From this judgment the present appeal is taken; and whether or not the demurrer should have been sustained, is the only question to be decided.

The *gravamen* of the complaint is, that through and by the negligence, fraud, or mistake of James T. Rogers, the attorney for the defendants in the foreclosure suit

(plaintiffs here), the undertakings on appeal from the decree and order in that suit were not filed at or within the time required by law, in consequence of which said appeals were dismissed; "that the dismissal of said appeal by the supreme court aforesaid was wholly and entirely caused by the false representations, statements, and erroneous advice and instructions to plaintiffs" by their attorney; "that but for said false representations, statements, and erroneous advice and instructions, plaintiffs could have filed, or caused to be filed, at said time, said undertakings on appeal, and the said appeal could and would have been perfected in accordance with law, and the same would have been heard and decided by said supreme court according to its merits; . . . . that the judgment and order denying the motion for new trial, made and entered in said cause, were and are unjust and inequitable, and against law; and as plaintiffs are informed and verily believe, would have been reversed by the supreme court of the state of California, had the appeal therein been properly perfected."

That the said false representations, statements, and erroneous instructions and advice, given to plaintiffs as aforesaid, were made and uttered by the said Rogers with the intention of depriving plaintiffs herein of their remedy of appeal from the judgment and order denying motion for a new trial entered in said cause.

"That immediately after the rendition of said judgment and order, said Rogers was well aware of plaintiffs wish and desire to have the same reviewed by the supreme court of the state of California, and constantly and repeatedly promised that an appeal therefrom would be legally taken and perfected.

"That plaintiffs, in reliance on said promises, made no attempt or effort to discover the real facts concerning said appeal, but up to the second day of September, 1884, or thereabouts, fully supposed and believed that

an appeal from said judgment and order had been taken in accordance with law."

But the complaint makes no charge of fraud against the defendant, and no charge of collusion between defendant and plaintiffs' attorney.

It is not alleged that Davis did not have a fair trial in the foreclosure action, nor that judgment was not properly and fairly rendered therein against Jones by default, according to his intention; and as there appears to be no error on the face of the judgment roll in that action, as exhibited here, the judgment by default against Jones should be regarded as conclusive against him in this action. The allegations "that the judgment and order denying motion for a new trial, made and entered in said cause, were and are unjust and inequitable and against law," are too general and too indefinite, as they neither indicate nor imply any fraud on the part of the defendant or his assignor, — since a judgment may be unjust, inequitable, and erroneous without being fraudulent or subject to be set aside by a court of equity. (*Murdock* v. *De Vries,* 37 Cal. 527; *Ross* v. *Wood,* 70 N. Y. 8.) Neither does the statement on motion for new trial, as exhibited in the complaint herein, show any error in point of fact. The most that can be reasonably claimed is, that the evidence as to some of the material issues was substantially conflicting; and conceding that, in point of law, the court erred in refusing to allow Aaron Chalfant to be cross-examined by defendants in that action, as to the items of accounts between him and Jones at and before the time the mortgage note was made, for the purpose of impeaching the consideration of the note, yet there is no averment of what the witness would have testified had the cross-examination been permitted, as there should be in a complaint in equity, the object of which is to impeach a judgment, and to obtain a new trial on the ground of fraud, accident, or mistake. In cases of this class, it should be

made to appear with reasonable certainty, at least, that a new trial would result in a judgment more favorable to the party asking it than the judgment sought to be set aside.

The following cases bear more or less directly on the general question as to the sufficiency of the complaint in this case: *Long* v. *Smith*, 39 Tex. 160; *Seay* v. *Hughes*, 5 Sneed, 155; *Crim* v. *Handley*, 94 U. S. 652; *Kern* v. *Strausberger*, 71 Ill. 413; *Brown* v. *Wilson*, 56 Ga. 534; *Nicholson* v. *Patterson*, 6 Humph. 394; *Newman* v. *Morris*, 52 Miss. 402; *Quinn* v. *Wetherbee*, 41 Cal. 247; *Boston* v. *Haynes*, 33 Cal. 31; *Mastick* v. *Thorp*, 29 Cal. 445; *Zellerback* v. *Allenberg*, 67 Cal. 296.

I think the demurrer to plaintiffs' complaint was properly sustained, and that the judgment should be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.