[No. 12527.   Department Two.—December 31, 1889.]

## JOHN P. JACKSON, Respondent, *v.* WILLIAM A. BROWN et al., Appellants.

Appeal — Service of Notice — Dismissal. — An appeal by one defendant will not be dismissed for want of service of the notice of appeal upon co-defendants not appealing, against whom the judgment will stand though it should be reversed as to the defendant appealing, and whose interests cannot be affected in any way by the appeal.

Id. — Review of Conflicting Evidence — Authority of Attorney — Compromise — Motion to Vacate Consent Judgment. — When the evidence on the point of authority from a defendant to his co-defendants to employ counsel to defend, compromise, and settle an action, is conflicting, the order of the court below refusing to vacate a consent judgment entered in compromise of the action, and to grant leave to answer, upon motion of such defendant, upon the ground that he did not consent to or authorize the judgment, will not be disturbed by the appellate court.

Id. — Consent Judgment not Reviewable — Maxim. — A consent to a judgment is a waiver of errors by a party consenting thereto, and on appeal from such a judgment, it must be affirmed.

APPEAL from a judgment of the Superior Court of Napa County, and from an order denying a motion to vacate the judgment and for leave to answer.

The facts are stated in the opinion of the court.

*Spencer & McEnerney,* for Appellant.

*C. H. Jackson, Crittenden Thornton,* and *F. H. Merzbach,* for Respondent.

McFARLAND, J.—Motion to dismiss appeal of defendant Samuels from the judgment, and from order denying his motion to vacate the judgment, and for leave to answer.

The action was brought to recover damages of defendants, Brown, Alexander, and Samuels, for a continued trespass on the rights of plaintiff, and for an injunction enjoining defendants from the continuance of the trespass. The complaint was filed on the 14th of April, 1887.

The record shows an appearance for defendants by George A. Knight, an attorney of this court, who, on the 27th of April, 1887, filed a demurrer to the complaint. The summons had been served on Samuels on the 23d of the same month. On the 27th of May, 1887, the demurrer was overruled. On the same day judgment was, *by consent of counsel of all parties,* rendered against defendants for one dollar damage, and costs of suit, with a perpetual injunction as prayed for in the complaint. This judgment was entered on the thirty-first day of May, 1887.

Samuels subsequently moved to vacate the judgment and for leave to answer, and on the 30th of September, 1887, this motion came on to be heard, and after the court had heard counsel for each party, was on the same day denied.

The motion was made on several grounds, mainly on

the ground that he (Samuels) never consented that any judgment should be entered against him, and that the judgment was entered without any authority from him.

The motion to dismiss the appeal is rested on the ground that there was no service of the notice of appeal on the other defendants, Brown and Alexander, who are stated in the notice to dismiss to be adverse and opposed in interest to Samuels upon the record in this action.

How Brown and Alexander are adverse parties to Samuels herein, we cannot perceive. The judgment against them will stand, though it is reversed as to Samuels. What recourse Brown and Alexander will have against Samuels, or Samuels against them, on a reversal of the judgment, we cannot perceive; nor would there be any if the judgment should be affirmed. The same is true of the order. This case comes within the rule laid down in *Randall* v. *Hunter*, 69 Cal. 80, and must be decided the same way.

Motion to dismiss appeal denied. The appeals of Samuels have also been submitted for decision.

The evidence on the point of authority from Samuels to employ counsel, and to allow judgment to be entered against him in this action, is conflicting. Samuels testified one way, and Brown and Alexander the other, the latter stating distinctly that they were authorized by Samuels to employ counsel for him and themselves to defend, compromise, or settle the action with plaintiff, and that it was agreed between Samuels and them that they and their attorney should have the right and power to bind him in every step of the action, and by any entry of judgment in or compromise of the same, and further, in substance, that Samuels knew of the employment of Knight for him, and knew of the entry of judgment, and made no objection to any of the proceedings. Knight's testimony is not in conflict with any of these statements. It shows that he had no communication with Samuels personally, never saw him during the whole course of

the business, and that his authority to appear for all the defendants came from and through Brown and Alexander.

Under such a state of facts as is above set forth, we cannot say that the court erred in denying the motion to vacate the judgment.

It must then be held that the judgment herein was rendered by consent of Samuels. A consent to a judgment is a waiver of errors by a party consenting thereto, and on an appeal from such a judgment it must be affirmed. *Concensus tollit errorem.* (*Holmes* v. *Rogers,* 13 Cal. 191; *Conniff* v. *Kahn,* 54 Cal. 284.)

Judgment and order affirmed.

SHARPSTEIN, J., and PATERSON, J., concurred.