[S. F. No. 1795.   Department Two. — May 29, 1901.]

THEODORE P. PAINTER, Appellant, v. J. B. PAINTER COMPANY, and A. O. COLTON, Respondents.

ACTION TO SET ASIDE JUDGMENT AND FOR NEW TRIAL — EQUITY JURISDICTION — SHOWING REQUIRED. — Courts of equity have jurisdiction in proper cases, which are not very numerous, to set aside judgments rendered in other actions, and to grant new trials thereof; but it must be made to appear in such cases, with reasonable certainty, that a new trial would result more favorably to the party asking it than the judgment sought to be set aside.

ID. — INSUFFICIENT COMPLAINT — JUDGMENT AGAINST RECEIVER — PARTNERS AS CO-DEFENDANTS — DISMISSAL. — A complaint to set aside a judgment in favor of a corporation, against a receiver of a partnership, upon a contract approved by the court, and to obtain a new trial for alleged errors of law and for insufficiency of evidence, which shows that plaintiff and his partner were made co-defendants, and that the case was dismissed as to them, on their motion, for insufficiency of proof, leaving the receiver to defend the action alone, and which does not show any fraud or collusion between the corporation and the receiver, nor allege any facts showing that the judgment was wrong, or that the result would be different upon another trial, does not state a cause of action.

CXXXIII. Cal.—9

ID. — RESULT OF DISMISSAL BINDING UPON PLAINTIFF. — The plaintiff, if interested in preventing a judgment against the receiver, had ample opportunity, as a party co-defendant, to defend against such judgment; and if he had himself dismissed as to the action, and relied upon the receiver making a proper defense, he must abide the result.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. C. B. Hebbard, Judge.

Pringle & Pringle, for Appellant.

Francis J. Heney, and Edward Mills Adams, for Respondents.

THE COURT. — This suit was brought to obtain a new trial of the case of the defendant The J. B. Painter Company, against the defendant Colton as receiver of the late firm of Painter & Co., in which judgment had been entered for the plaintiff therein for the sum of $11,085.73; and also to enjoin the execution of the judgment against property in the hands of the receiver. The suit referred to had been brought on a contract executed — with the approval of the court in which the receivership was pending — by Colton, as receiver to The J. B. Painter Company. To this suit the plaintiff herein and the firm of Painter & Co. (not the defunct corporation, but a new firm of the same name, composed of this plaintiff and his brother Milton) were originally parties defendant with the receiver. But, on the trial, on their motion, the case was dismissed as to them, on the ground that a sufficient cause of action against them had not been proved. Thereafter, judgment was entered against the receiver, as above stated, which is the judgment from which plaintiff in this present action seeks relief. A demurrer to the complaint was sustained, and judgment entered for defendants.

The sole grounds on which plaintiff's claim for a new trial is based are, insufficiency of the evidence to justify the finding as to a large part of the amount found to be due, and material errors of law occurring at the trial, and the additional fact that "the court [presumably the court in which the receivership was pending] declined to permit the receiver to . . . appeal," and that the receiver, in fact, did not appeal.

Of course, courts of equity have jurisdiction in proper cases (which are not very numerous) to set aside judgments ren-

dered in other actions, and to grant new trials thereof; but we do not know of any principle or precedent on which the present action could be maintained. No fraud on the part of The J. B. Painter Company or the receiver, or collusion between them, is charged. The plaintiff herein was a party to that action, and if he was interested in preventing a judgment against the receiver, he had ample opportunity to defend against such judgment. If he had himself dismissed from the action, and relied upon the receiver making a proper defense, he must abide the result. Moreover, he alleges no *facts* showing that the judgment was wrong, or that the result would be different upon another trial; and, as was said in *Davis* v. *Chalfant*, 81 Cal. 630, "in this class of cases it should be made to appear with reasonable certainty, at least, that a new trial would result in a judgment more favorable to the party asking it than the judgment sought to be set aside." For these reasons, and many others which could be given, the demurrer was properly sustained.

The judgment appealed from is affirmed.