[L. A. No. 1387.   Department Two.—September 11, 1905.]

TERESA BELL, Administratrix of Estate of Thomas Bell, Deceased, Appellant, v. LOUISA J. THOMPSON, Respondent.

DECREE FORECLOSING MORTGAGE—ACTION TO ANNUL FOR FRAUDULENT COLLUSION—BONA FIDE DEBT AND PROCEEDINGS—SUPPORT OF FINDINGS.—In an action by an administratrix to annul a decree foreclosing a mortgage upon real property of the decedent for alleged fraudulent collusion between an executor as defendant in foreclosure and as agent for the mortgagee plaintiff, where findings for the mortgagee if made defendant were sustained by proof that the mortgage debt was *bona fide* and justly due and was duly presented and allowed, and that not only the executor, but all parties interested in the estate, including the widow, who afterwards became administratrix, and is plaintiff, were made parties defendant to the foreclosure suit, that there was no misconduct in that suit, but that it was properly tried and properly decided, the findings and judgment for the defendant cannot be disturbed.

ID.—LIEN FOR ATTORNEY'S FEES—INJURY OR FRAUD NOT SHOWN.—Conceding, without deciding, that the allowance of attorney's fees as a lien upon the mortgaged land was erroneous, the amount being at least a charge upon the general assets, no injury appears to the estate, and much less can the error sustain the charge of fraud.

ID.—IMPROPER RECEIPT OF RENT BY MORTGAGEE.—Conceding that the mortgagee, after purchasing at the sale, improperly received rent which fell due before the sale, that is not ground for setting aside either the sale or the judgment.

ID.—INSUFFICIENT COMPLAINT—DEFENSE TO MERITS NOT SHOWN.—A complaint for relief against a judgment or decree on the ground of alleged fraud in its procurement which does not state or show any facts constituting a defense to the merits of the original action, nor constituting the ability of plaintiff to present those facts to the court, does not state a cause of action.

ID.—OBJECTION UPON APPEAL—WAIVER.—The objection that the complaint does not state facts sufficient to constitute a cause of action is not waived by failing to demur, nor cured by verdict or judgment, and may be urged upon appeal.

APPEAL from a judgment of the Superior Court of Santa Barbara County and from an order denying a new trial.   W. S. Day, Judge.

The facts are stated in the opinion of the court.

CXLVII. Cal.—44

T. Z. Blakeman, for Appellant.

The decree of foreclosure was collusive between the executor as agent for plaintiff and as defendant, and the decree should be annulled. (Civ. Code, secs. 1575, 2232-2234; Pomeroy's Equity Jurisprudence, sec. 1077; Story's Equity Jurisprudence, sec. 322; Freeman on Judgments, sec. 336; *Broder* v. *Conklin,* 121 Cal. 286, 53 Pac. 699; *Brison* v. *Brison,* 75 Cal. 529, 7 Am. St. Rep. 189, 17 Pac. 689; *Alaniz* v. *Casenave,* 91 Cal. 46, 27 Pac. 521; *Byrne* v. *Byrne,* 94 Cal. 576, 29 Pac. 1115, 30 Pac. 196; *Brown* v. *Mann,* 71 Cal. 192, 12 Pac. 51; *Trustees* v. *Stewart,* 27 Barb. 553; *Eastman* v. *Wright,* 6 Pick. 316; *United States* v. *Flint,* 4 Saw. 51, Fed. Cas. No. 15,121.)

Drown, Leicester & Drown, for Respondent.

No error in the proceedings or in the judgment or in the amount of the foreclosure is ground for relief in equity. (*George* v. *Nowlan,* 38 Or. 537, 64 Pac. 1; *Chase* v. *Christiansen,* 41 Cal. 253; *Reeve* v. *Kennedy,* 43 Cal. 643, 653.) Equity will not overturn a just judgment. (*Harnish* v. *Bramer,* 71 Cal. 155, 159, 11 Pac. 888; *Eldred* v. *White,* 102 Cal. 602, 604, 36 Pac. 944.) The complaint is insufficient in not showing a defense upon the merits. (*White* v. *Crow,* 110 U. S. 187, 191, 4 Sup. Ct. 71; *Gregory* v. *Ford,* 14 Cal. 138, 141, 73 Am. Dec. 639; *Whitney* v. *Kelly,* 94 Cal. 153, 28 Am. St. Rep. 106, 29 Pac. 624; *Davis* v. *Chalfant,* 81 Cal. 627, 630, 22 Pac. 972; *Collins* v. *Scott,* 100 Cal. 446, 452, 34 Pac. 1085; *Eldred* v. *White,* 102 Cal. 602, 604, 36 Pac. 944; *Painter* v. *J. B. Painter Co.,* 133 Cal. 129, 65 Pac. 311; *Mulvaney* v. *Lovejoy,* 37 Kan. 305, 15 Pac. 187.) Constructive fraud is not ground for setting aside a just judgment where there is no actual fraud. (*Amador etc. Co.* v. *Mitchell,* 59 Cal. 168, 179; *Ross* v. *Wood,* 70 N. Y. 8; *Verplanck* v. *Van Buren,* 76 N. Y. 247; *Ward* v. *Town of Southfield,* 102 N. Y. 293, 6 N. E. 660; *Noble* v. *Moses Bros.,* 74 Ala. 604, 616.) The mere relation of private agency for the mortgagee by the executor as an individual does not constitute fraud actual or constructive where the estate was not injured. The executor himself might be a creditor of the estate. (Code Civ. Proc., secs. 1350, 1510, 1647.)

HENSHAW, J.—This action was brought by Teresa Bell as special administratrix of the estate of Thomas Bell, deceased, to vacate and annul a decree of foreclosure of mortgage obtained by defendant against property of the estate of Bell, for alleged fraud in its procurement. The gravamen of the charge is, that George Staacke, while executor under the will of the estate of Bell, deceased, was likewise the agent of Louisa J. Thompson, who owned and held the mortgage and mortgage note in the sum of fifty thousand dollars upon property of the estate of Bell; that by collusive fraud upon the part of the two, Staacke permitted the mortgage to be foreclosed, the property to be sold and purchased by the defendant Thompson. The asserted fraud, as set forth in appellant's brief, consisted in Staacke, while executor of the estate, assuming the position of agent for the defendant in the collection of the note and mortgage, and in defendant's profiting by the foreclosure suit against her own agent in acquiring the mortgaged premises which the court found to be of value exceeding the amount due on the mortgage; also because of alleged collusion between the executor and defendant in the inception and prosecution of the foreclosure suit, and actual fraud committed upon the estate of Bell by Staacke and the defendant in the proceedings by which the mortgaged premises were transferred to the defendant, and, finally, that the defendant in prosecuting the foreclosure suit was merely suing her own agent in charge of the collection of the note and mortgage, that is to say, the plaintiff was in the foreclosure suit practically plaintiff and defendant.

Trial was had upon all these matters, the findings of the court were in favor of defendant, and these findings draw abundant support from the evidence. It is uncontested and incontestable that the mortgage debt was a *bona fide* debt, that the claim against the estate upon it had been duly presented and allowed, that the estate was in default and that a suit upon the note and mortgage regularly instituted and regularly prosecuted in a court of competent jurisdiction, was properly tried and properly decided by the court. Not this alone, but while it was incumbent upon the plaintiff in the foreclosure suit (defendant and respondent in this), to have sued only the executors, and thus while it was unnecessary for her to have made the heirs, devisees, and trustees

under the will parties to the action (*Bayly* v. *Muehe,* 65 Cal. 345, [3 Pac. 467, 4 Pac. 486]; *Collins* v. *Scott,* 100 Cal. 446, [34 Pac. 1085]; *Finger* v. *McCaughey,* 119 Cal. 59, [51 Pac. 13], nevertheless, she impleaded in her action the trustees of the trust created by the will, the devisees under the will, the children of the decedent, the tenants in possession of the mortgaged property, and the widow of the deceased, who, as special administratrix, here prosecutes this appeal. The case was duly brought to trial without the slightest irregularity in procedure or haste in time, and under these circumstances the judgment was rendered.

The evidence offered by appellant at the trial was wholly insufficient to charge the defendant or her attorney with any misconduct or irregularity in obtaining the judgment, not one dollar of which was in excess of the sum justly due. The only possible objection to the judgment is the contention that it made the counsel fees a lien upon the mortgaged property. This proposition is not even presented by the complaint; but conceding that it is valid, and that the judgment was erroneous in that particular, it does not follow that injury resulted to the Bell estate; far less does it follow that the error arose from fraud. If the counsel fees had not been made a lien upon the mortgaged property, they would have been payable out of the general assets of the estate which have thus been relieved to that extent from the charge to which they otherwise would have been subjected, and there is no pretense that this small addition to the judgment lien interfered with a redemption. As to the further complaint that Miss Thompson, after purchasing the estate at foreclosure sale, collected an installment of rent which fell due before the sale, conceding, without deciding, the correctness of appellant's contention that this was payable to the executors and not to her, the remedy of the subsequently appointed administratrix (this plaintiff) was an action at law against the tenant for rent unpaid, or, if the tenant had paid, and the misapplication lay with the executor, then against him. From no point of view was it a ground for setting aside either the sale or the judgment.

The decision of this case is wholly justified by the findings of the court to which we have adverted, and rests upon them. It may be pointed out in addition, however, that plaintiff's

complaint fails utterly to state a cause of action, since there
is a complete absence of averment that the plaintiff, or that
the Estate of Bell, or that any other parties privy or inter-
ested, had any defense to the foreclosure suit upon its merits.
The absence of this necessary averment doubtless arose from
the fact that it was impossible for the pleader, under the
facts, to make such an allegation. That such an averment,
and not only such an averment, but such an averment coupled
with the facts establishing the defense, is necessary to the
sufficiency of such a complaint is a proposition of law settled
beyond the possibility of controversy. In 1859, in this state,
the rule was stated in *Riddle* v. *Baker,* 13 Cal. 295, as fol-
lows: "He must show that he was defrauded of his oppor-
tunity to defend, and that his defense, which, but for the
practices of his adversary, would have been effectual, was,
by such practices, rendered unavailing." In *Gregory* v. *Ford,*
14 Cal. 138, [73 Am. Dec. 639], it is said: "Nor is it charged
that the defendant had any defense to the note, which was
the foundation of the action; but, on the contrary, there is
evidence that the defendant owed the debt, and that it is still
due. The case then on the pleadings and proofs resolves
itself into this proposition of law: Can a defendant having
no defense to an action, enjoin a judgment by default ob-
tained on a return by the sheriff of service of process, upon
the ground that the return is false; that in fact he had no
notice of the proceeding? It is difficult to see upon what
principle chancery would interfere in any such case in favor
of such a defendant. . . . A court of equity would not take a
legal advantage away in favor of a party who comes into
equity acknowledging that he owes the money, and claims only
the barren right of being permitted to defend against a
claim to which he has no defense." In *Whitney* v. *Kelly,*
94 Cal. 153, [28 Am. St. Rep. 106, 29 Pac. 626], it is said:
"In an action to set aside a judgment for fraud, the plaintiff
must not only show by his complaint the facts constituting
the fraud which gives him his right to the relief, but must
also show that he has a defense to the original action upon
the merits, and that he is able to present to the court the evi-
dence constituting that defense. It is not sufficient to
merely allege these matters as ultimate facts, or to aver them
in the form of an affidavit of merits, but the facts them-

selves—those constituting the fraud, those constituting his defense, and those constituting his ability to present them to the court—must be incorporated into his complaint, so that the court may determine that if his allegations are admitted by the other party, the plaintiff would have been entitled to a judgment in his favor in the original action." And without further multiplying quotations, reference is made to *Harnish* v. *Bramer*, 71 Cal. 155, [11 Pac. 888]; *Davis* v. *Chalfant*, 81 Cal. 627, [22 Pac. 972]; *Dunlap* v. *Steere*, 92 Cal. 344, [27 Am. St. Rep. 143, 28 Pac. 563]; *Collins* v. *Scott*, 100 Cal. 446, [34 Pac. 1085]; *Painter* v. *J. B. Painter Co.*, 133 Cal. 129, [65 Pac. 311]; *Hibernia Sav. and Loan Soc.* v. *Cochran*, 141 Cal. 656, [75 Pac. 315]; *Parsons* v. *Weis*, 144 Cal. 417, [77 Pac. 1007]; *White* v. *Crow*, 110 U. S. 187, [4 Sup. Ct. 71].

This objection that the complaint fails to state facts sufficient to constitute a cause of action is not waived by failure to demur, and may be taken at any stage of the case. (Code Civ. Proc., sec. 434.) Nor is the omission cured by verdict or judgment. (*Buckman* v. *Hatch*, 139 Cal. 53, [72 Pac. 445].)

The judgment and order appealed from are affirmed.

Lorigan, J., and Beatty, C. J., concurred.

Hearing in Bank denied.