[Civ. No. 2127.   First Appellate District.—August 14, 1917.]

D. B. MacDONALD et al., Respondents, v. JOSE CORNELIO BERNAL, as Executor, etc., et al., Respondents; WILLIAM B. McKINNON, as Administrator, etc., et al., Appellants.

PARTITION—REPORT OF REFEREE—VALUES OF PROPERTY—ADVISORY TO COURT.—In an action for partition the report of the referee appointed to make partition is merely advisory to the court, which is not bound to adopt the basis used by the referee for his calculation as to the values of the property involved, but may in its final decree make its own findings with respect to such matters.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Thos. F. Graham, Judge.

The facts are stated in the opinion of the court.

Theodore J. Savage, for Appellants.

Sullivan & Sullivan and Theo. J. Roche, Norman A. Eisner, Thomas P. Boyd, Heller, Powers & Ehrman, Burke Corbet, and Corbet & Selby, for Respondents.

THE COURT.—This is an appeal from a judgment in favor of plaintiffs in an action for the partition of certain premises consisting of twenty-five acres, known as the Bernal tract, in the city and county of San Francisco.

Upon the trial of the cause an interlocutory decree of partition was entered, by the terms of which one Frank A. Dwyer was appointed sole referee to make partition of the property. Said referee proceeded with his work, and presently filed his report, wherein he made certain valuations of the lands embraced in the tract, and recommended the partition of the property among the parties to the action in accordance with such valuations. The appellants filed their objections to the said report of the referee, and the court set the same for hearing and took evidence thereon, after which the court filed its final decree, in which the referee's proposed partition of the premises was not approved or adopted in full, but was modified to conform to the views of the court arrived at upon the hearing thereon; and the court in its final decree made a different award and partition of the property than that recommended by the referee.

The only contention of the appellants which the court is in a position to consider upon the record before us is that the court erred in awarding to the appellants less land in valuation than that to which they would have been entitled upon the basis of the calculations contained in the referee's report. It is a sufficient answer to this contention to say that the report of the referee in an action for partition is merely advisory to the court, which is not bound to adopt the basis used by the referee for his calculation as to the values of the property involved, but may in its final decree make its own findings with respect to such matters. The court did this in the instant case, and there is no evidence before us to show that it committed any error in so doing.

The appeal not having been taken within sixty days after the judgment, there is no evidence before us by reference to which the findings and final decree of the trial court could be assailed.

Judgment affirmed.