[Civ. No. 11952-S. Second Appellate District, Division One.—September 19, 1940.]

HENRY ARTHUR CHURCH et al., Minors, etc., Appellants, v. CLYDE M. CHURCH et al., Respondents.

A. V. Falcone for Appellants.

Jennings & Belcher, Ben F. Griffith and Malcolm Archbald, *in pro. per.*, and Louis E. Kearney for Respondents.

DORAN, J.—This is an appeal by plaintiffs from a final judgment in favor of defendants rendered after trial in the Superior Court in and for the County of Los Angeles in an action in equity brought by plaintiffs to have set aside and vacated a judgment in a previous action in said court, on the ground of extrinsic fraud in the procurement thereof.

Appellants describe their appeal in the preface to their opening brief, as follows: ''This is an appeal by plaintiffs from an adverse judgment in a suit in equity to set aside a judgment (in a previous action by plaintiffs against their former trustees for an accounting), entered therein, without a trial, upon stipulation between counsel, without plaintiffs' knowledge consent or authorization, . . . ''

This litigation grows out of the same trust relationship which formed the basis for the action by these same minor

appellants against the Security-First National Bank of Los Angeles, in which case appellants have also appealed to this court (*Church et al.* v. *Security-First Nat. Bank of Los Angeles et al., ante,* p. 529 [105 Pac. (2d) 148]). The trust in question is described in detail in the opinion just cited.

In the present action it is alleged that on or about August 4, 1933, all of said appellants, by and through William L. Stevens as their guardian *ad litem,* through whom as their guardian they also bring the present action, commenced an action in the said superior court wherein appellants were plaintiffs and respondents Clyde M. Church, Ralph O. Church and Hattie May Cottle were defendants, said action being No. 360868 in said court.

In said action No. 360868, which appellants refer to as the "original action", appellants prayed for an accounting by respondents Clyde and Ralph Church and Hattie Cottle, as trustees, from April 17, 1917, to the date of the filing of said original action, to wit: August 4, 1933; for removal of said respondents as trustees and for appointment of new trustees by the court.

It is further alleged that respondents Griffith and Archbald were employed by Stevens, as said guardian *ad litem,* to act as attorneys for plaintiff in said action pursuant to an order of said court, first had and obtained, and that said respondents appeared and acted as such in the so-called original action, viz.: No. 360868. However, appellants then allege, in paragraph VII of their complaint: "That at no time whatsoever were the defendants Griffith and Archbald, or either of them, or any other person for them, authorized or directed by Stevens, as the guardian *ad litem* of the plaintiffs in the original action, or by the plaintiffs themselves, or any of them or by anyone else, or at all, to compromise, in any way or at all, the substantial rights of said plaintiffs in the original action, or to compromise in any way or at all, the cause of action set forth in the original action, . . . "

Appellants allege that respondents Jennings, Belcher, Grua and the firm of Jennings & Belcher acted in said original action as attorneys for respondents Clyde Church, Ralph Church and Hattie May Cottle, and that the lack of authority in respondents Griffith and Archbald as attorneys, as set forth in paragraph VII of appellants' complaint above

quoted, was known to all the respondents at all times mentioned in said complaint.

It is further alleged in substance that the attorneys for the respective parties entered into a stipulation and settled the action, which settlement it is alleged was fraudulent. The stipulation referred to was expressly approved by the trial court and the form of the judgment was approved by respondent Griffith as one of plaintiffs' counsel and by respondent Belcher acting for defendants' counsel. It is this judgment that appellants in their present action seek to have set aside on the grounds of fraud in its procurement. The judgment was final and no appeal has ever been taken therefrom.

It is alleged also that as a consequence of the acts of respondents, appellants have been deprived of a trial in said original action upon the merits and in effect that the within action in equity is the sole remedy available.

Respondents by their answers admit the said stipulation and judgment thereon but deny the allegations of fraud and conspiracy. All other material allegations of the complaint are denied.

After a trial of the issues the court below found for the respondents and against the appellants on all material questions of fact raised by the pleadings.

Out of twenty-one separate findings of fact appellants assign error to eighteen as being unsupported by the evidence and in direct conflict therewith, and assign all the conclusions of law as erroneous.

It is contended by appellants that there is no conflict in the evidence, a contention that is not borne out by the record. It is also contended that the principal question here involved is the authority of respondents Griffith and Archbald to procure the termination of the original action by the means employed and that that question is one purely of law; that it is conceded that no express authority was possessed by respondents Griffith and Archbald so to terminate said action, and with that premise conceded and with the further concession that said respondents represented to the court that they possessed such authority, "the conclusion is inevitable that said acts constituted extrinsic fraud as the same is defined by the applicable law".

Such a conclusion would be inevitable only if it could be presumed that said respondents as attorneys acted without

authority in the premises. The presumption, however, is otherwise. In *Knowlton* v. *Mackenzie,* 110 Cal. 183, at page 188 [42 Pac. 580], it is said: "As a general rule, a stipulation of the attorney will be presumed to have been authorized by the client, as well in order to uphold the action of the court, as for the protection of the other party to the stipulation; but when the adverse party, as well as the court, is aware that the attorney is acting in direct opposition to his client's instructions or wishes, the reason of the rule ceases, and the court ought not to act upon the stipulation, nor can the adverse party claim the right to enforce a judgment rendered by reason thereof." (Cited in *Clemens* v. *Gregg,* 34 Cal. App. 245, 253 [167 Pac. 294].) There is nothing in the record here to show that the respondents who were defendants in the original action, their attorneys or the court, were aware of any lack of authority of appellants' attorneys in the original action.

It should also be born in mind that the judgment entered upon the stipulation in the said original action is final and regular upon its face. Such a judgment, so entered, is binding upon the parties in the absence of fraud or the insolvency of the attorneys. *Holmes* v. *Rogers,* 13 Cal. 191; *Sampson* v. *Ohleyer,* 22 Cal. 200, 210; and see *Jackson* v. *Brown,* 82 Cal. 275 [23 Pac. 142], wherein an appeal was taken from a judgment rendered by consent of counsel and from an order denying a motion to vacate the same, it being contended that counsel lacked authority to consent to such a judgment, and the evidence as to authority was conflicting. There, after considering the conflicting evidence, the court said at page 278: "Under such a state of facts as is above set forth, we cannot say that the court erred in denying the motion to vacate the judgment. It must then be held that the judgment herein was rendered by consent of Samuels."

It was incumbent upon appellants to affirmatively establish fraud on the part of the respondents. This they have failed to do. The record shows ample evidence to support the findings of the trial court in the matter and the conclusions based thereon are correct.

The fact that appellants sued in the original action as minors by their guardian *ad litem* does not alter the situation here presented. (*Newport* v. *Hatton,* 195 Cal. 132, 142 [231 Pac. 987].)

■ In particular, it should be emphasized that the prayer of appellants'·complaint demands a judgment decreeing the judgment in the so-called original action "fraudulent and void" and that said action be set for a "trial· upon its merits". In that connection it is important to note that the record in the within action reveals no evidence of fraud, extrinsic or otherwise. Nor is there any showing that a retrial of said original action would even be likely to result in a different outcome. As pointed out by respondents, the action herein being an action in equity, "It is fundamental, of course, that no matter what the nature of the fraud or deceit, unless detriment has been occasioned thereby, plaintiff has no cause of action (*Gutterman* v. *Gally*, 131 Cal. App. 647, 650 [21 Pac. (2d) 1000]; citing: *Barron Estate Co.* v. *Woodruff Co.*, 163 Cal. 561, 571 [126 Pac. 351, 42 L. R. A. (N. S.) 125])" moreover, "Before relief may be obtained in equity from a judgment affected by extrinsic fraud it must appear that said judgment is unjust and a different judgment would have been entered but for the fraud practiced. (*Karlslyst* v. *Frazier*, 213 Cal. 377, 380 [2 Pac. (2d) 362].)" See, also, *Davis* v. *Chalfant*, 81 Cal. 627 [22 Pac. 972]; *Painter* v. *Painter Co.*, 133 Cal. 129 [65 Pac. 311]; *Hogan* v. *Horsfall*, 91 Cal. App. 37 [266 Pac. 1002].

It is not necessary to consider the question of respondents' affirmative defenses.

The appeal is without merit.

For the foregoing reasons the judgment is affirmed.

York, P. J., and White, J., concurred.