[Civ. No. 14532.   Second Dist., Div. Two.   Oct. 17, 1944.]

DOMINGO MACHADO, Appellant, v. JOHN H. MACHADO et al., Respondents.

402

O. B. De Camp and Darwin H. Wolford for Appellant.

Nelson & Castro for Respondents.

MOORE, P. J.—Appellant sued to set aside a judgment of the superior court in a partition action on the ground that it had been obtained by extrinsic fraud perpetrated upon him. Demurrers having been sustained without leave to amend, the action was dismissed as to demurring defendants by judgment from which this appeal was lodged. The following résumé of the 70 page complaint will serve to present the issues, appellant being referred to as Domingo:

A partition suit was on file in the Superior Court of San Luis Obispo County and the referees had filed their report. That report is pleaded *in haec verba*. A drawing had been held by the heirs of Roza Machado, in which Domingo drew tract 9. John Machado had drawn tracts 6 and 10 and was dissatisfied with the outcome. He desired to procure an award of tract 9 to himself. At that time Domingo was represented by Attorney Libeu while Attorney Hart appeared for John. In furtherance of John's scheme to obtain tract 9 Hart stated to Libeu that it would not be necessary for Libeu to attend court on August 24, 1940, and that no advantage would be taken of Domingo. In reliance upon Hart's representation Libeu did not appear in court on that

day. But John and Frank came with Hart acting as attorney for them and negotiated with Domingo for an exchange. Hart told Domingo that if he would accept tracts 6 and 10, (presumably in exchange for tract 9) $4,500 would be paid to Domingo and that the judge then had the money. Although they knew that Domingo believed them and relied upon their representations and knew that he was acting under a mistake of law, they fraudulently induced him to enter into an oral stipulation to accept tracts 6 and 10 and the sum of $4,500 to be paid by noon of that same day;

At the hearing, in Libeu's absence, Hart, with John's wilful acquiescence, represented to the court that he was attorney of record for Domingo, although he was not Domingo's attorney of record or at all. Both Hart and John Machado were lawyers and knew that Domingo was a layman and, because he was unfamiliar with legal principles and procedure, did not know that the court or the heirs could object to a stipulation made by John and Domingo or that the court would be required to approve of same. Also they knew that the title to tracts 6 and 10 could not pass to plaintiff until after a final determination of the rights of all of the heirs;

At the time of their representations John and his attorney both knew that Domingo was negotiating for other property and that his only reason for being interested in their offer was that the completion of his negotiations depended upon his receiving the $4,500 by noon of August 24, 1940. The statements of John and his attorney were made for the purpose of deceiving Domingo and they were known by both of those gentlemen to be false. Neither of the two had any intention of paying Domingo the $4,500 until the transaction should have been approved by the court and they also knew that it could not be approved before the specified time. They knew that he understood that he would receive the $4,500 prior to 12 o'clock noon August 24, 1940;

Domingo believed and relied upon the statements of John and his counsel. Under a mistake of fact and law he yielded to their suasions. But for their misrepresentations Domingo would not have entered into the stipulation pursuant to which judgment was entered October 19, 1940, in the records of the County Clerk of San Luis Obispo County by the court based upon the third report of the referees. It awarded to the several heirs the tracts as numbered and described in the referee's report. Tracts 6 and 10 were awarded to Domingo

Machado and tract 9 was allotted to John H. Machado. Each tract is described by metes and bounds. Two thousand dollars in owelties on tract No. 8 were divided among eight of the defendants. The following order is part of the judgment.

"AND IT IS FURTHER ORDERED. . . .

"That the tract herein alloted to said John H. Machado, to wit, Tract No. 9, is allotted subject to an owelty in the amount of $4,500 hereby allotted to and made payable to Domingo Machado, and

"It is further Decreed, that said Domingo Machado is entitled to a lien for said sum until paid on said Tract 9 herein allotted to said John H. Machado."

Other parts of the judgment are not necessary to the consideration of the merits of plaintiff's complaint. The pleading then proceeds to narrate that Domingo was never paid the $4,500 and never received tracts 6 and 10. By reason of John's failure to pay Domingo the $4,500 before noon of August 24, 1940, "plaintiff was thereby directly and proximately caused to fail in his negotiations for other property, thereby directly and proximately damaged to the extent of $5,000." Had it not been for such stipulation in open court, the court would have adopted the third referee's report and Domingo would have been awarded tract 9 and 9 B. Therefore the judgment entered should be set aside and tract 9 be awarded to Domingo in accordance with the third report of the referees.

The order sustaining the general demurrer was correct.

(1) The judgment of partition is one in severalty in favor of each cotenant and against all others that he is the owner of the parcel allotted to him. John is the only one who claims tract 9. None of the other defendants is at all involved or interested in the dispute between John and Domingo. All others received their own awards. None of them in any way participated in the alleged misrepresentations. Each of them was awarded the land he drew. ▆ If the plaintiff in an action for partition is induced by one of the defendants to exchange the parcel awarded to him by the referee for the acres awarded to such defendant and the judgment of the court is accordingly entered, he may not maintain a separate action to set aside such judgment.

▆ (2) From nothing in the complaint can it be determined that appellant suffered any damage. He received his one-ninth interest in the property partitioned. To warrant

setting aside the judgment it was necessary to allege error in the modification of the referee's report. (*MacDonald* v. *Bernal*, 34 Cal.App. 431 [167 P. 902].) There is no such allegation.

(3) The report was merely advisory and the court was free to make its own findings and to decree accordingly. (*Randell* v. *Randell*, 4 Cal.2d 575 [50 P.2d 806].)

(4) There is no allegation of facts supporting an inference that lots 6 and 10 and the $4,500 owelty awarded to appellant by the judgment is of less value than lot 9 recommended for award to Domingo by the referees.

(5) A further vice is the absence of an allegation of value of the property Domingo would have acquired had he received the $4,500 at the time he specified. Neither does it appear why such property could not have been got at a time subsequent to the final decree of partition.

By reason of these defects the complaint would not support a judgment for plaintiff. The complaint contains no allegations showing that damage resulted to Domingo because of the stipulation. (*Marriner* v. *Dennison*, 78 Cal. 202 [20 P. 386].) Fraudulent misrepresentations without damage do not support an action. (*Wildey* v. *Seaver*, 111 Cal. App. 565, 568 [295 P. 844]; *Edward Barron Estate Co.* v. *Woodruff Co.*, 163 Cal. 561, 571 [126 P. 351, 42 L.R.A.N.S. 125]; *Gutterman* v. *Gally*, 131 Cal.App. 647, 650 [21 P.2d 1000]; *Church* v. *Church*, 40 Cal.App.2d 701, 706 [105 P.2d 643].)

To warrant a decree erasing a judgment procured by extrinsic fraud it must appear from the allegations that the judgment is wrong. In this the complaint is fatally defective. Nothing is said from which it appears that the judgment is unjust and that a new trial would with reasonable certainty result in a judgment more favorable to the complaining party. (*Painter* v. *J. B. Painter Co.*, 133 Cal. 129, 130 [65 P. 311]; *Church* v. *Church, supra; Karlslyst* v. *Frazier*, 213 Cal. 377 [2 P.2d 362].)

Appellant is estopped from accusing John Machado of having overreached him in the transaction or from claiming that Hart had no authority to represent him at the hearing. According to the complaint appellant would be satisfied had tracts 6 and 10 been awarded to him together with the payment of $4,500 owelty on the day and at the hour

specified. It was only after he ascertained that he had to wait for the owelty under the final judgment that he discovered that Hart had no authority to represent him. He alleges that by reason of the nonpayment to him of the $4,500 at the hour specfied he "was caused to fail" to purchase another property to his damage in the sum of $5,000.

According to his complaint when he anticipated that he would receive $4,500 for making the exchange he gleefully authorized Hart to appear for him to assent to the stipulation. But when the owelty was not forthcoming he decided that he had not authorized the attorney to act for him. ▪ When an attorney appears in court without authority for a person, immediately upon discovering that the attorney has so appeared, the person must promptly disavow the lawyer's action. "If he does not thus speak, when he ought to, the court will not hear him when he wants to." *(Louth* v. *Woodard,* 114 Ore. 603 [236 P. 480].)

Judgment affirmed.

Wood (W. J.), J., and McComb, J., concurred.