RUTLEDGE v. WALDO et al.

(Circuit Court, S. D. New York. May 12, 1899.)

MATTERS OF DEFENSE TO REVIVOR—BURDEN OF PROOF.

In defense to a bill of revivor to carry into effect a decree in a suit which has abated by the death of the original complainant, the defendants may show that the decree was rendered without jurisdiction over their persons, but the burden rests on them, in such case, to prove that the attorneys who appeared for and assumed to represent them in the case acted without authority.

In Equity.

R. H. Worthington, for complainant.
Preble Tucker, for defendants.

WALLACE, Circuit Judge. This is a bill of revivor to carry into effect a decree against the defendants in a suit which has abated by the death of the original complainant. While it is no doubt true that generally the sole questions before the court in such a bill are the competency of the parties and the correctness of the frame of the bill to revive, I have no doubt that the defense introduced to the present bill, that the original decree was obtained without jurisdiction of the persons of the defendants, is good if established by the proofs, because, in that event, the original decree would be void, and no subsequent proceedings could be founded upon it. I am of opinion that the defense is not established by the proofs. The burden of proof is upon these defendants to establish that the appearance in their behalf by the attorneys who assumed to represent them in the original action was unauthorized. Hill v. Mendenhall, 21 Wall. 454; Osborn v. President, etc., 9 Wheat. 738. These attorneys were the law firm of Tucker, Hardy & Wainwright. The defendant Mrs. Tucker was the wife of one of them, and the defendant Miss Waldo was the sister of Mrs. Tucker. These attorneys had represented the defendants in other litigations of the same character, pending about the same time, when they appeared for them in the original action. It cannot for

a moment be believed that Mr. Hardy would have taken charge of the action, and the steps in it he did, without the instructions of Mr. Tucker; nor can it readily be believed that Mr. Tucker would have given these instructions unless he had understood himself to be authorized to do so, as otherwise he would have been deliberately lending himself to a deception calculated to jeopardize the rights of the complainant. The lapse of time since the occurrences afford a charitable explanation of Mr. Tucker's present testimony, as well as that of Miss Waldo, and suggests that they have forgotten the facts rather than intentionally misstated them. The relations between Mr. Tucker and the defendants render it extremely improbable that they were not informed of the commencement of the action, or that Mr. Tucker's intervention in their behalf was without their sanction. The case is one where conduct is of far more probative force than asseverations or denials by witnesses.

A decree is ordered for the complainant, with costs.