MARY OXTOBY *et al.,* Appellants, v. MARY J. HENLEY *et al.*

**Agency to Write Letters:** EVIDENCE. In an action against a married woman, a letter written by her son, in relation to the matters in litigation, was properly excluded, in the absence of any showing that she authorized him to write the letter, or that she knew anything of its contents.

**Charge and Proof:** RATIFICATION. Defendant was joined as plaintiff in a former suit on instructions given by her brother..

After suit brought, the attorney wrote her, informing her that she was a plaintiff, and stating that her deposition would be needed. Defendant replied that she wanted to know how much she would get if successful, and that she did not want to be responsible for any part of the costs, unless it was for her interest. The attorney gave her the information, and defendant gave her deposition, paying the expense herself. There was a judgment for costs in that suit against the plaintiff. *Held*, in an action on such judgment, that an instruction, if defendant knew that there was a case pending in which she was joined as plaintiff, and allowed the case to go to judgment without objection, it was a ratification of the act making her plaintiff, should have been given.

**Reading Deposition Not in Evidence:** ERROR CURED. Where defendant read in evidence part of the deposition taken by plaintiff, before the deposition had been offered in evidence, the error, if any, it was cured by the subsequent reading of the whole deposition by plaintiff.

**Burden:** OPENING AND CLOSING. Where, in an action on a judgment rendered in another state, defendant admitted the rendition of the judgment, and pleaded that there was no jurisdiction of her person, defendant was entitled to open and close, since the burden was on her to prove the defense.

**Review on Appeal** OF RIGHT TO OPEN AND CLOSE. The grant of the right to open and close is not reviewable on appeal, unless it appears that an injustice was committed thereby.

*Appeal from Wright District Court.*—HON. J. R. WHIT-AKER, Judge.

WEDNESDAY, JANUARY 16, 1901.

ACTION upon a judgment of another state. There was a verdict and a judgment for defendants, and plaintiffs appeal.—*Reversed.*

*Ladd & Rogers* for appellants.

*Nagle & Nagle* for appellees

WATERMAN, J.—Mary J. Henley was named as a co-plaintiff with the other persons who are defendants here in an action in the court of common pleas of the state of Ohio, brought to set aside the last will of one Elnathan Woods, deceased. The parties plaintiff here were defendants in that proceeding, which resulted in a judgment against such original plaintiffs for costs. This action is upon that judgment. Mary J. Henley defends on the ground that the Ohio court was without jurisdiction as to her, for that she never joined in that action as plaintiff, nor authorized the use of her name as such. There is no assignment of error which presents, even by inference, the point that the verdict is not supported by the evidence. We shall, therefore, not go into the facts farther than is necessary for a consideration of questions properly raised.

II. The court refused to give the following instruction asked by plaintiff: "If you find that the defendant Mary J. Henley knew that the case was pending in Ohio, wherein her name appeared as a party plaintiff, and that she did not make objection, but allowed the case to proceed to judgment without change, so far as her name was concerned, she thereby ratified the action taken in making her a party, is now estopped to deny the same, and your verdict should be for the plaintiff." No equivalent of this instruction was given. While the court told the jury that defendant would be bound as a party if she consented that her name might be used, it did not state the legal effect on plaintiff's rights of her knowledge that she was joined as a plaintiff, and her failure to object thereto. There were facts in the case which afforded a foundation for the instruction asked. It was shown that one Gillett was the attorney who brought the suit. He included Mary J. Henley as a party plaintiff at the request of her brother, who resided in Ohio. Mrs. Henley at the time was residing in this state. Shortly after the action was commenced, Gillett wrote Mrs.

Henley, informing her of the fact; telling her that she was a party plaintiff, and how it came that she had been made such; also stating that her deposition would be wanted. The evidence tends to show that plaintiff responded to this communication, telling Gillett that she wanted to know the amount of the property, and what her share would be; that, although she had been made a plaintiff, she did "not want to become responsible for any part of the costs" until she was satisfied it was to her interest to do so. To this Gillett replied, giving the information asked. Nothing further was said or done by Mrs. Henley in the matter, save that she gave her deposition in the case, paying the cost thereof herself. While, perhaps, the doctrine of estoppel does not apply in cases of this kind, that of ratification does; and this is the theory of the instruction. If Mrs. Henley consented to become a party plaintiff, she is bound by the judgment; or if she was included, without her knowledge or consent, by her brother, but afterwards ratified his act, she is equally bound. It would be an unjust rule to lay down, that one in whose name an action is brought without authority may, with knowledge of such fact, permit the case to go to judgment, and, if successful, reap the reward, but, if unsuccessful, escape all liability. It may be, the rule that should apply to a plaintiff does not govern as against defendants who have to be brought into court by process, and as to whom the court must, of its own motion, satisfy itself as to its jurisdiction. However this may be, we think the instruction sets out an undoubted rule of law as applied to the facts we have here. In Coleman v. Case, 66 Iowa, 534, judgment went against plaintiffs in the trial court. Thereafter they sought to vacate it on the ground that they had no knowledge of the pendency of the action, and the attorney had no authority to bring it. Upon this issue Seevers, J., who delivered the opinion, stated the facts as follows: "The preponderance of the evidence is that appellants appointed an agent to look after their interests, and that he employed an attorney to

bring the action, and notified them that he had done so. They had knowledge of the pendency of the action, and made complaint that the attorney did not get the case tried as soon as he should have done." For these reasons, among others, the trial court was affirmed in refusing to vacate the judgment. In *Harshey v. Blackmarr,* 20 Iowa, 161-186, this court announced a principle directly applicable to the matter under discussion in these words: "We wish to emphasize another thought, which is this: That the conclusion reached does not excuse, but in view of public policy, requires, a party who had been represented by an unauthorized attorney to disavow and disaffirm his action promptly upon receiving knowledge thereof. If he does not thus speak when he ought to, the court will not hear him when he wants to, especially if his delay has been prejudicial to the rights of third parties." Appellee cites a number of cases in which defendants have sought relief against judgments obtained without service of notice upon them, but these are clearly not in point. Here there was an action begun for plaintiff's benefit by another, without her consent. She was informed of the fact, and made no objection, but permitted it to go to judgment. Upon what just principle can she say that she did not ratify what was done?

III. The deposition of Gillett was taken by plaintiff. On the trial, defendant read from this deposition the answers to two interrogatories before the deposition had been offered by plaintiff, who could use it only in rebuttal. If this was an error, it was clearly without prejudice, for the whole deposition was afterwards read by plaintiffs. *Bixby v. Carskaddon,* 63 Iowa, 146.

IV. A letter written by Mrs. Henley's son to Gillett, the attorney in charge of the case in Ohio, was offered by plaintiffs, and excluded by the court. It does not appear that defendant authorized her son to write the letter, or knew anything of its contents. The letter was clearly inadmissible.

V. Finally, complaint is made of the fact that defendant was given the right to open and close to the jury. Defendant did not put in issue the fact of the rendition of the judgment. Her sole defense was that the court was without jurisdiction, because she was made a party without her consent or knowledge. This was an affirmative defense, and the burden was on the defendant to establish it. Moreover, the question of who has the right to open and close is properly a matter of practice, and will not be reviewed on appeal, unless it appears that an injustice has been done by the trial court in its ruling on the matter. *White v. Adams,* 77 Iowa, 295. For the error pointed out, the judgment is REVERSED.