Argued January 29, affirmed May 26, 1925.

## DAVID LOUTH AND LORING K. ADAMS *v.* ALTON M. WOODARD.

(236 Pac. 480.)

**Attorney and Client—Appearance of Attorney in Suit or Action is Prima Facie Evidence of His Authority.**

1. Appearance of attorney in suit or action is *prima facie* evidence of his authority.

**Attorney and Client—Burden on Party to Prove That Appearance of Attorney in His Behalf was Without Authority.**

2. Burden is on party attacking validity of decree, on ground that attorney appearing in action or suit for him was not authorized to do so, to prove that attorney's appearance was unauthorized.

---

1. See 2 R. C. L. 980.
2. See 2 R. C. L. 981.

**Attorney and Client—Defendant, by Failing to Disavow Authority of Attorney Employed by His Codefendant, Held to Ratify Attorney's Acts, and Decree was Binding on Him.**

3. Where one of two defendants, in suit to quiet title, employed attorney to conduct defense, *held* that codefendant by failing to disavow attorney's authority under Section 1084, Or. L., though he knew of his employment, ratified attorney's acts, and he was bound to adverse decree.

**Judgment—Statute Relieving Party from Acts of Attorney Appearing for Him Without Authority Held not Applicable to Collateral Attack After Decree Rendered.**

4. Section 1084, Or. L., providing that court may at any stage of proceedings relieve party for whom attorney has assumed to act without authority from consequences of attorney's acts, applies only where party challenges attorney's authority during progress of suit, and does not apply to collateral attack four years after adverse decree was rendered.

From Multnomah: WALTER H. EVANS, Judge.

Department 1.

This is a suit to quiet title. The complaint is in the usual form and alleges, in effect, that the plaintiffs are the owners and in possession of certain real property in Kenton, an addition to the City of Portland, Oregon, and also certain lots in Railway Addition to Montavilla, near Portland; that plaintiffs have full and complete title and property therein; although the record title is in the Security Savings & Trust Company, in trust for the plaintiffs. The usual allegation is made concerning the claim of the defendant.

The defendant, in his answer, sets up two defenses: First, that the claim of the plaintiffs is a cloud upon the title of defendant and consists of a decree in the Circuit Court of the State of Oregon for Multnomah County, which decree is void for the reason that de-

3. Effect of judgment obtained upon an unauthorized appearance by attorney, see note in 21 L. R. A. 848.

Effect of failure to object before judgment to unauthorized appearance by an attorney, upon right to relief from judgment, see note in L. R. A. 1918B, 899. See, also, 2 R. C. L. 982.

fendant was never served with summons and complaint, and George J. Cameron, the attorney who appeared for him in the suit, was not employed by him and had no right to appear for him. The second further and separate answer is that of adverse possession for ten years. This defense is not relied upon in this appeal.

To this answer the plaintiffs filed a reply setting forth in substance, first, that the Kenton properties referred to were purchased by Morrell Woodard, father of defendant, Alton M. Woodard, wholly with the moneys and property of the defendant, David Louth, and that said Morrell Woodard wrongfully took title to said properties in the name of said Morrell Woodard and his son, Alton M. Woodard, defendant. And the whole claim of said Alton M. Woodard to any title or estate in said properties is based solely upon said wrongful act of said Morrell Woodard, in taking title to said properties in the name of Morrell Woodard, the defendant.

Second, the plaintiffs further pleaded that David Louth began a suit in the Circuit Court of the State of Oregon for Multnomah County, February 14th, 1917, against Morrell Woodard; Lou Woodard, his wife, and said Alton M. Woodard, as well as certain other defendants. This suit was for the purpose of obtaining the property held in trust by Morrell Woodard, pursuant to a declaration of trust and to which he had wrongfully taken title in his own name and in that of his son, Alton M. Woodard. The issues in that suit are set forth at length and show the appearance of George J. Cameron, a well-known attorney of this court, of good standing and repute, who appeared in that suit for said defendants, including Alton M. Woodard, this defendant. The

decree of the court in the former suit was also set out in full.  The plaintiffs further pleaded matters of estoppel against defendant Alton M. Woodard.  A portion of the trust property belonging to David Louth was recovered, and, there being a balance due on the judgment, execution was issued and property was sold thereon, part of which is involved in this suit.  Plaintiff, David Louth, bid in a part of the property and afterward acquired and now owns seven eighths thereof.  Loring K. Adams, the other plaintiff, owns the remaining one eighth.  This suit to quiet title was commenced in June, 1921, about four years after the decree rendered by Judge STAPLETON in the former suit in December, 1917.

After the trial in the present suit, the court made findings of fact and rendered a decree to the effect that the claim of the defendant, Alton M. Woodard, was ill-founded; that Alton M. Woodard had notice and knowledge of the first suit brought against his father and himself; that he had authorized the employment of George J. Cameron as his attorney, and that he was concluded by the decree rendered in the former suit.

Since the decree in the former suit, and some time before the trial of the present suit, George J. Cameron, who for a long time had been a prominent attorney and citizen of this state, has died.  Defendant appeals.                                      AFFIRMED.

For appellant there was a brief and oral argument by *Mr. Henry S. Westbrook.*

For respondents there was a brief and oral argument by *Mr. Loring K. Adams.*

BEAN, J.—This case depends upon the validity of a former decree of the Circuit Court of the State of Oregon for Multnomah County. It appears from the testimony that after the commencement of the former suit in which Loring K. Adams and Roger B. Sinnott were attorneys for David Louth, plaintiff therein, and some two or three months before the trial thereof, the defendant, Alton M. Woodard, about August, 1917, went to the office of the attorneys for David Louth and inquired in regard to the suit and also made inquiry in regard to the standing of George J. Cameron, who had before that time been employed by Morrell Woodard, the father of this defendant, to appear in the case. He also indicated that he would be present at the trial.

Summons and complaint had been served upon Morrell Woodard, the father, but they were unable at the time to find the defendant Alton M. Woodard, in order to get service, and as George J. Cameron appeared in the suit for Alton M. Woodard no further attempt was made to obtain service of the summons and complaint.

It appears that, after being informed of the pendency of the former suit, Alton M. Woodard went to California and did not return at the trial of the former suit. He allowed the matter to slumber for nearly four years when he filed for record some declaration of interest, which clouded the title and caused the present suit.

Alton M. Woodard now claims that he had expended $1,200 toward the construction of a house upon one of the lots, taken in the name of Morrell Woodard and Alton M. Woodard, which in truth belonged to David Louth.

Upon the trial of the present case, speaking in regard to the trial of the former suit, to a question by the court—

"Well, wouldn't it be necessary for you to then make some showing that you had some interest in it and that it was not all David's; didn't you understand that?

"A. Well, I understood it, and I intended to come back here, and would have, at the time they told me to come, if I could have got here. I was flat on my back and broke; couldn't get out of bed."

1. The appearance of an attorney in a suit or action for a party is *prima facie* evidence of his authority. In the case of *State ex. rel.* v. *Estes,* 34 Or. 196, 201 (51 Pac. 77, 78), it is said:

"An attorney, under the statute, is a public officer; and, when he appears in his official capacity, it will be presumed that it is with the requisite authority of the party whom he professes to represent, until the contrary is established. His mere appearance in such capacity will be taken as *prima facie* evidence of his authority for so doing, and ordinarily the courts will seek no further for confirmation of such authority."

See *Bonnifield et al.* v. *Thorp,* 71 Fed. 924.

Where an attorney appears in a suit or action for a party thereto, the authority assumed by such attorney at law to act for the party in the courts is valid until disapproved; not void until proved: 6 C. J. 631–633. If the defendant Alton M. Woodard knew that there was a case pending in which he was joined as defendant, as it appears that he did know, and he allowed the case to go to judgment without objection, as it appears that Alton M. Woodard allowed the former suit to go to judgment, it was a ratification of the act of his attorney appearing for him: *Hurste*

v. *Hotaling,* 20 Neb. 178 (29 N. W. 299, L. R. A. 1918B, 898) ; *Oxtoby* v. *Henly,* 112 Iowa, 697 (84 N. W. 942) ; *Seale* v. *McLaughlin,* 28 Cal. 668.

2. The burden of proof was upon the defendant Alton M. Woodard to establish that 'the appearance in his behalf by George J. Cameron, an attorney who assumed to represent him in the original action, was not authorized. This burden the defendant has failed to bear: *Rutledge* v. *Waldo,* 94 Fed. 265; *Aaron* v. *United States,* 155 Fed. 833, 836 (C. C. A. 67).

3. It appears from the record that Morrell Woodard, the father of this defendant, Alton M. Woodard, had employed George M. Cameron to look after the whole of the former case. Alton M. Woodard and his father had, shortly before that time, been partners in business. Morrell Woodard had apparent authority to authorize Judge Cameron to appear for all the defendants and look after the whole case. That suit was vigorously contested on behalf of the defendants therein. Alton · M. Woodard, by failing to promptly disavow the authority of George J. Cameron, as his attorney in the former suit, approved and ratified the act of such attorney and is bound by the result. Public policy requires a party who has been represented by an attorney, if such attorney is not authorized, to disavow and disaffirm his action promptly, upon receiving knowledge thereof. "If he doesn't thus speak, when he ought to, the court will not hear him when he wants to." *Oxtoby* v. *Henly,* 112 Iowa, 697, 700, 701 (84 N. W. 942). See, also, *Anderson* v. *Crawford,* 147 Ga. 455 (94 S. E. 574, L. R. A. 1918B, 894, and note 899) ; *Harshey* v. *Blackmarr,* 20 Iowa, 161, 168 (89 Am. Dec. 520) ; Weeks on Attorneys at Law (2 ed.), §§ 202, 203, p. 419.

4. Counsel for defendant suggests that under Section 1084, Or. L., if it be alleged by a party for whom an attorney appears that he does so without authority, and the allegation be verified by the affidavit of the party, the court may, if it find the allegation true at any stage of the proceedings, relieve the party for whom the attorney has assumed to appear from the consequences of his acts. This section of the Code would have been applicable if the defendant, Alton M. Woodard, had appeared in the original suit and challenged the authority of George J. Cameron to appear for him in that suit. The section has no application in a collateral attack made upon the decree in the original suit, about four years after the rendition of such decree.

The decree of the lower court is affirmed.

                                        Affirmed.

Rand, Burnett and Coshow, JJ., concur.