JUSTUS W. JOHNSON, Appellant, v. GEORGE W. BAUMHOFF.—18 S. W. (2d) 13.

Division One, May 18, 1929.

W. W. *Schiek* and *James R. Claiborne* for appellant.

*R. T. Brownrigg* and *Mason, Altman, Goodman & Flynn* for re-spondent.

FRANK, J.—This is an action by plaintiff, appellant here, to recover the possession and rental value of certain real estate, and damages for withholding same from plaintiff. Judgment was rendered on the pleadings in favor of defendant and plaintiff appealed.

The suit was brought to the September, 1924, term of the Circuit Court of St. Louis County. The petition alleges that on April 1, 1922, plaintiff was the owner and entitled to the possession of an undivided one-fourth interest in certain land in St. Louis County, Missouri, describing it, and that defendant has, and now does, unlawfully withhold same from the possession of plaintiff. The damages are laid at $3000 and the rental value at $2500 per annum.

Defendant's answer (1) denied the allegations of plaintiff's petition, and (2) alleged, in substance, that pursuant to a decree in partition and order of sale, rendered by the Circuit Court of Phelps County, Missouri, in a cause wherein Isabella Brooks et al., were plaintiffs, and Justus W. Johnson, appellant here, et al., were defendants, said lands were sold at the courthouse door in St. Louis County on December 3, 1921; that defendant was the purchaser at said sale at the price of $28,000 and at that time received a deed whereby he became the owner of said lands, and ever since said date has been in full possession thereof.

Plaintiff filed a reply to defendant's answer, in which he admitted that defendant claimed title to the lands in question under the conditions and circumstances alleged in the answer, and denied all other allegations in said answer. It is then alleged that the decree in partition and order of sale were null and void, and on account thereof the purported sale of the land to defendant pursuant to said decree did not invest him with any right, title or interest in the lands for the following reasons:

(1) That during the May, 1917, term of said court, before the decree in partition and order of sale was made, plaintiff voluntarily dismissed said partition suit, and the following judgment of dismissal was rendered by the court at that time, viz.:

"Now at this day comes the plaintiffs herein by their attorney and dismiss their cause of action. Whereupon it is considered by the court that said suit be dismissed and that said defendants have and recover of and from the plaintiff all costs in this behalf laid out and expended and that execution issue therefor."

(2) That no further proceedings were had in said cause until the succeeding September term, 1917, of said court, when on September 8, 1917, during said September term, without the knowledge or consent of Justus W. Johnson, and without entry of appearance or service of process upon him, the following written stipulation was filed in said cause, viz.:

"It is hereby stipulated by and between counsel for plaintiff and defendant, Justus W. Johnson, in the above entitled cause that the order of dismissal heretofore made in this case may be set aside and the cause reinstated upon the docket and to be continued from time to time and not to be reset only on ten days' notice from either party, this because of pending suit in Supreme Court between above parties;" and

(3) That after the filing of said stipulation there was entered of record in said cause, the following order:

"Whereupon it is considered by the court that said order of dismissal made in said cause at the May term, 1917, of this court be and the same is hereby set aside and this cause of action is reinstated and continued."

The reply further alleges that the defendant in said cause, appellant here, at no time consented that the order dismissing said partition suit at the May, 1917, term of said court, might be set aside at a subsequent term and the cause reinstated, and that he at no time received any part of the proceeds of the sale of said lands.

Defendant demurred to plaintiff's reply. The court sustained said demurrer, and on motion of defendant, rendered judgment on the pleadings in favor of defendant, and plaintiff appealed.

In addition to the lands involved in this suit, the parties owned other lands in Phelps County, and as the greater part of their land was in that county, the partition suit was brought there.

The pleadings concede that defendant bought the land in question at a partition sale on December 3, 1921, and received a deed therefor. It is not claimed that the manner in which the circuit court proceeded in the partition and sale of the land was irregular. The sole contention is that the court had no jurisdiction to entertain such suit or take any procedural steps therein.

Appellant's contention is that when the partition suit was dismissed at the May term, 1917, the case went out of court, and after that term ended the court lost jurisdiction of the cause, and had no authority or jurisdiction at a subsequent term to set aside the final judgment of dismissal rendered at a former term, and reinstate the cause on the docket.

The general rule is that a judgment can not be set aside by the court rendering it after the term at which it was rendered, unless

proper legal steps to suspend the judgment, by motion or otherwise, were taken during the term at which it was rendered. This proposition of law is so universally understood and applied that citation of authorities to support it is unnecessary.

We agree with appellant's contention that the partition suit went out of court when it was dismissed at the may term, 1917, and after the end of that term the court lost jurisdiction of the cause. We also agree that at the subsequent September term, the court of its own motion or on the application of either party, would have been powerless to set aside the order of dismissal rendered at the former term and reinstate the case on the docket. But where both parties appeared at a term subsequent to the dismissal and stipulated and agreed that the cause might be reinstated, a different question is presented. The effect of such stipulation was not an attempt to confer jurisdiction by agreement. The reinstatement of the cause by the voluntary appearance and consent of both parties amounted to the institution of a new suit and not a continuation of the original case. Speaking to a kindred question in Brewing Co. v. Hogg, 141 Mo. App. 391, 396, the Springfield Court of Appeals said,

"After this dismissal and the adjournment of the term this case was out of court as completely as if it had been tried on its merits, and a final judgment rendered. If it ever got back into court, how did it get back, and for what purpose? It could only be reinstated for trial upon its merits by consent of both parties, and this consent must be shown to be for the purpose of a trial on the merits, and after a reinstatement in this way, the case would, in legal contemplation, be a new suit instituted at the time of the entry of appearance of the parties and not a continuation of the original case."

We approve the doctrine announced in the Brewing Co. case, and applying it to the facts in the instant case, we hold that the reinstatement of the partition suit at a term subsequent to its dismissal, upon the voluntary appearance and consent of both parties, was, in effect, the institution of a new suit and not a continuation of the original action. It therefore follows, that the court had jurisdiction of the new suit and was authorized to proceed to judgment therein.

Appellant, however, contends that the agreement to reinstate the case, and the order reinstating it pursuant to such agreement, were both made without his knowledge or consent and without his entry of appearance or service of process upon him, and therefore, did not invest the court with jurisdiction of said cause.

It is true that the stipulation to reinstate the case was entered into and filed by the attorneys for the respective parties. It is also true that an attorney can not, without special authority, admit service of jurisdictional process upon his client (State ex rel. v. Muench, 230 Mo. 254, 255), and if it be shown that an attorney entered the ap-

pearance of his client in a cause without lawful authority so to do, such showing would be sufficient to authorize the court to set aside a judgment rendered in such cause, in a proceeding directly attacking the judgment on that ground. But the question confronting us is whether or not plaintiff may, in this case, attack the validity of the decree in the partition action, by showing that after the partition action was dismissed, his appearance and consent by attorney, to its reinstatement at a subsequent term, was unauthorized. We think not. Such procedure would be a collateral attack on the judgment and therefore not permissible.

In Cochran v. Thomas, 131 Mo. 258, the facts were strikingly similar to the facts in the case at bar. There plaintiffs brought suit in ejectment. Defendants answered claiming title under a sheriff's deed in partition. Plaintiffs offered evidence tending to show that they had no knowledge of the partition proceedings, and that their appearance therein was unauthorized, and requested the court to declare the law to the effect that if their appearance was unauthorized, the judgment was void. In disposing of this contention, we said:

"But the judgment, as has been seen, was valid upon the face of the proceedings and no direct attack is made upon it here. The attempt is to defeat its force by an indirect and collateral attack which we think cannot be done. Whether the appearances were authorized or not was a question upon which the court had the power to pass and in fact necessarily did pass in finding that the parties appeared. The finding is invulnerable collaterally. [Van Fleet, Coll. Attack, secs. 420 and 421, and cases cited.]"

It is well established in this State that a domestic judgment cannot be collaterally attacked on the ground that it was rendered upon the unauthorized appearance of an attorney. [Stuart v. Dickinson, 235 S. W. 446, 455.]

Although an attorney may not enter the appearance of his client in a cause, without special authority so to do, yet in a collateral proceeding, it will be presumed that a licensed attorney at law, who appeared for a defendant, although not served, had authority to do so. [State ex rel. v. Muench, 230 Mo. l. c. 254.]

Following the well-settled rule in this State, we hold that plaintiff may not avoid the effect of the decree in partition by showing in this action that such decree was rendered upon the unauthorized appearance of an attorney.

Appellant pleads that a decree was rendered in the partition suit, but the decree does not appear in the pleadings. Neither does appellant plead that the decree is void upon its face. Not having the decree before us, we must presume right action upon the part of the court rendering it, until the contrary is made to appear in a proper manner, and so presuming, we will presume that the decree in partition is valid upon its face.

The pleadings admit that the lands in question were sold to defendant at a partition sale held in December, 1921. Plaintiff's reply does not attack this sale on the ground of any defect, jurisdictional or otherwise, appearing on the fact of the partition proceedings. If it be true that the decree in partition was rendered upon the unauthorized appearance of defendant by attorney, that fact cannot be shown in this collateral proceedings in an attempt to avoid the effect of the decree in partition. The decree being presumptively valid, it is binding on plaintiff until set aside in a direct proceeding.

Defendant's motion for judgment on the pleadings was properly sustained. The judgment of the trial court is therefore, affirmed.

All concur.