Floyd **PEARSON** and Frank **L. Pulley,**
Plaintiffs-Respondents,

v.

Mamie M. **PEARSON**, Defendant-Appellant.

No. 23701.

Kansas City Court of Appeals.
Missouri.

June 3, 1963.

Marion D. Waltner, Kansas City, for appellant.

Frank L. Pulley, Cameron, pro se.

J. E. Story, Cameron, for Floyd Pearson.

SAMUEL A. DEW, Special Commissioner.

The plaintiffs-respondents, claiming as assignees of a special lien on real estate, created under the provisions of a judgment of the circuit court, sued to foreclose the lien. The defendant-appellant pleaded invalidity of the judgment and lien, and by counterclaim sought to be decreed the sole owner of the real estate, a finding that the plaintiffs-respondents had no right, title or interest in said real estate, and an order barring them from asserting the same. The court found the issues for the plaintiffs-respondents upon their petition and on defendant-appellant's counterclaim. The defendant-appellant thereupon took this appeal.

In the interest of clarity and convenience the plaintiffs-respondents and the defendant-appellant will hereinafter be referred to, respectively, as the plaintiffs and the defendant.

The petition in this case pleaded a judgment rendered October 1, 1954 in the Circuit Court of Clinton County, Missouri, in two cases which had been consolidated and tried together, being Cases No. 3652, entitled "Dean B. Pearson et al. v. Ferris Pearson", and Case No. 3489, entitled "Ferris Pearson v. A. and Lola O. Barlow, Mamie M. Pearson, Intervenor". Plaintiffs alleged that the judgment in said two consolidated cases had decreed Dean B. Pearson to be the owner of the fee simple title to Lot 5, Seminary Place, City of Cameron, Clinton County, Missouri, "subject to the satisfaction of the judgment herein in favor of Ferris Pearson in the sum of $1771.46, and in favor of Mamie M. Pearson, in the sum of $2071.46; that upon the satisfaction of these two judgments his title to said real estate is quieted and he is declared and adjudged to be the fee simple owner thereof"; that the judgment further awarded to Dean B. Pearson upon the same conditions, rents from said property accumulated in the hands of the Farmers Bank of Cameron, Missouri, in escrow. It was further alleged

that the said judgment lien in favor of Ferris Pearson in the sum of $1771.46 was assigned to the plaintiffs on October 4, 1954, and so shown in the records of the court; that no part of the lien had been paid, and that in May, 1960, Dean B. Pearson conveyed the real estate described to Mamie M. Pearson by warranty deed. The plaintiffs prayed judgment foreclosing said lien and for an order on the sheriff to sell the property as provided by law for the purpose of satisfying the lien.

By her answer and counterclaim defendant averred that the portion of said judgment purporting to establish liens in favor of Ferris Pearson and herself, respectively, was insufficient to constitute a valid lien, is null and void and vested no interest in said property in Ferris Pearson; that it does, however, cast a cloud on her title and should be removed.

Predicated on a charge of a conspiracy and a scheme extending over past years to cheat and to defraud her of her property, of which the judgment lien and assignment were referred to as a part, defendant alleged that her husband, Ferris Pearson, had brought suit against her for divorce in Davies County, Missouri, in 1952, attempting to get service on her by publication when he and Frank Pulley, his attorney, had actual knowledge of her place of residence from a prior suit she had brought against him for separate maintenance which she later dismissed; that she learned of his suit for divorce, entered her appearance, defeated his claim for divorce and obtained a judgment against him on her counterclaim therein for separate maintenance for $50 per month; that no part of same had been paid to her; that the divorce petition had alleged her insanity and requested a guardian ad litem, but such allegations and request were withdrawn after her order of restoration was issued on September 18, 1952.

The defendant in her answer herein further alleged that three days after the date of the judgment in the consolidated cases and before motions for new trial had been filed and overruled, Ferris Pearson, on October 4, 1954, assigned that judgment to the plaintiffs herein containing the lien provisions in favor of Ferris Pearson in the sum of $1771.46, all for the fraudulent purpose of preventing defendant from collecting her judgment for separate maintenance. It was further stated that appeals from said judgment in the consolidated cases were later taken and the appeals dismissed by the appellate court. It was also alleged that there was no consideration paid for the assignment of the judgment lien sued on; that the payments therefor ($1000 by plaintiff Frank L. Pulley and $800 by plaintiff Floyd Pearson) recited in the purported assignment were false; that her deed gave her the property as her sole and separate estate; that the judgment lien, if any, had elapsed under the statute for failure to file scire facias. Defendant prayed, by way of cross bill herein, to be adjudicated as the sole owner in fee of the lot in question, for a ruling that plaintiffs have no right, title or interest in or to the said property and for an order barring them from claiming the same. By reply, plaintiffs pleaded res judicata and general denial.

Without objection plaintiffs introduced in evidence the judgment sued on. It was rendered in the Circuit Court of Clinton County, Missouri, October 1, 1954, on the trial of two consolidated cases involving the real estate in question. One case, No. 3489, was brought by Ferris Pearson against Arthur Barlow and wife for damages for failure to convey the property in question to the assignee of Ferris Pearson, as per contract, after having received partial payments for said property under contract, and after Mamie M. Pearson had been adjudged a person of unsound mind. The other case, No. 3652, brought by Dean B. Pearson (a son of Ferris and Mamie M. Pearson) against said Ferris Pearson and Mamie M. Pearson, Arthur Barlow and wife and Farmers State Bank of Cameron, Missouri, escrow agent, alleging a forfeiture by the defendants Pearson in their contract with defendants Barlow to purchase the lot here-

in involved; alleging a later purchase by Dean B. Pearson of the interest of defendants Barlow, and the failure of the Barlows to execute to Dean B. Pearson a warranty deed to the property, and for a finding sustaining such alleged forfeitures, ordering the warranty deed as prayed, canceling the deed of the Barlows held by the bank under the contract between the Barlows and Ferris Pearson and wife, and a finding that the title to said property be vested in Dean B. Pearson and wife.

The decree in the foregoing two consolidated cases and on which the present assignment and suit are based, found the fee simple title to the lot in Dean B. Pearson "subject to the satisfaction of the judgment herein in favor of Ferris Pearson in the sum of $1771.46, and in favor of Mamie M. Pearson in the sum of $2071.46; that upon the satisfaction of these two judgments, his title to said real estate is quieted and he is declared and adjudged to be the fee simple owner thereof". The decree made further provisions for release to Dean B. Pearson of certain accumulated rents and insurance checks in the hands of Farmers State Bank of Cameron, Missouri "only after the judgments in favor of Ferris Pearson and Mamie M. Pearson are satisfied of record."

Plaintiffs herein next introduced in evidence a special warranty deed to the premises in question, dated May 20, 1960, from Dean B. Pearson and wife to defendant Mamie M. Pearson as "her sole and separate estate and property to deal with and to convey, free and clear of any right, title or interest of any spouse present or future". In the deed the grantors warranted against the lawful claims and demands of "all persons claiming under them".

Plaintiff Pulley, as a witness in behalf of plaintiffs herein, identified an instrument introduced in evidence as an assignment to him and to Floyd Pearson (also a son of Ferris and Mamie M. Pearson) of the above judgment lien for $1771.46 in the two consolidated cases described, which as-

signment recited a consideration therefor of $1800 ($1000 by Frank L. Pulley and $800 by Floyd Pearson), and a covenant by Ferris Pearson that said sum of $1771.46, with interest, remained due and unpaid him on said judgment. Plaintiff Pulley testified that the $1800 represented in part the value of legal services he had performed for Ferris Pearson in four lawsuits which had not been paid, and that the judgment lien was wholly due and unpaid; that he knew nothing about the sum named as due Floyd Pearson under the assignment. He stated that three days after the date of the judgment he recorded the assignment. He said he knew it had to be recorded but he had no particular reason to file it so soon; that he knew Mamie Pearson had obtained a judgment against Ferris Pearson for separate maintenance, but did not know whether it had been paid; that he did not get any consent of the judgment debtor to the assignment.

Plaintiff Floyd Pearson identified the assignment sued upon and said he had received no payment thereon. He said the $800 recited as his consideration for the assignment was money loaned at different times by him to Ferris Pearson. He said he did not have the records of such loans at hand. He said the total amount of the judgment lien had nothing to do with fixing the amount of the assignment for money loaned.

Defendant introduced certified copies of the record entries between April, 1952 and May 19, 1953, in the divorce case filed by Ferris Pearson against Mamie May Pearson, Case No. 8459, in the Circuit Court of Davies County, Missouri. Among other allegations in such divorce petition it was stated that the defendant (Mamie May Pearson) had been adjudged in 1919 to be a person of unsound mind and had no legal guardian. A guardian ad litem was prayed for to represent the defendant. The records in that case show that on December 3, 1952, Ferris Pearson made affidavit that Mamie M. Pearson's place of residence was unknown and that she had absented

**276**

herself from her usual place of abode and concealed herself so that the usual process of law could not be served upon her. That affidavit was sent by Frank L. Pulley, as attorney for Ferris Pearson, and one of the plaintiffs in the instant case, to the clerk of the court and publication was ordered. The order of publication in the divorce case was duly published in a local newspaper. On January 8, 1953, Ferris Pearson struck from his petition for divorce the allegation regarding the adjudication of Mamie May Pearson as a person of unsound mind. Upon the filing of the affidavit of publication defendant filed her motion to dismiss the divorce case, which was overruled. Defendant thereupon filed answer on April 24, 1953. The cause was tried May 19, 1953. The court denied Ferris Pearson a divorce and allowed defendant's cross petition for separate maintenance in the sum of $50 per month and $200 attorney's fees.

In the instant case defendant also introduced records of a prior proceeding for separate maintenance and support filed by her in the Circuit Court of Jackson County against Ferris Pearson, No. 556,990, January 29, 1952. This case was dismissed by her on May 19, 1953, without prejudice, because of a question of jurisdiction. In the style of that case defendant's place of residence was shown.

As her own witness defendant testified that she was occupying the premises involved and had been since August, 1959; that for some time her son Dean had paid her rent therefor to the receiver; that the rent discontinued when she acquired a deed to the property. She said the money used by her husband Ferris Pearson to pay to the Barlows on the contract to purchase the property was out of a joint fund of his and hers derived from the operation of a farm where they had lived. She stated that during the pendency of her husband's suit against her for divorce she was living at 3814 Harrison Street in Kansas City, Missouri, and that she at no time had absconded or absented herself from her usual place

of abode. A friend, she said, had sent her a published notice of the suit. She admitted that she had voluntarily entered her appearance in the case and was personally present when judgment was pronounced.

■ Defendant's first point relied on in this appeal is that the assignment sued on is void because it purported to assign different portions of the judgment to different persons without the necessary consent of the judgment debtor. It has been stated and restated by this court that "[N]o suit may be maintained against a [judgment] debtor on a partial assignment without his consent either at law or in equity." Howard Undertaking Co. v. Fidelity Life Ass'n, Mo.App., 59 S.W.2d 746, 748; Miller et al. v. Heisler et al., Mo.App., 187 S.W.2d 485, 488. The assignment sued on herein, however, while reciting different considerations paid by the assignees named, yet transfers to both assignees jointly the whole of the lien described without apportionment. Such would not be a partial assignment of the judgment without the consent of the judgment debtor within the meaning of the rule relied upon, nor would the rule apply since the debtor is not a party to this action, nor called upon to pay the judgment, nor is calling into question the validity of the assignment. Miller v. Heisler, supra.

■ Defendant next asserts that the assignment is void for want of consideration; that the considerations named were, in fact, not money paid for the assignment, but consisted of alleged services and for money loaned for which no records were produced. There was substantial evidence of the services rendered and the money loaned to Ferris Pearson and no proof offered to the contrary. We defer to the trial judge the matter of the credibility of the witnesses on the point made and overrule the contention.

■ Defendant also challenges the sufficiency of the "judgment" referred to in the assignment sued on. She contends that

the only reference to a "judgment" such as plaintiffs seek to enforce as assignees consists of the words "subject to the satisfaction of the judgment herein in favor of Ferris Pearson in the sum of $1771.46 * * *"; that no other entry makes mention of such a "judgment", and that, at best, it would only indicate a money judgment for which a lien on real estate for three years is provided for by Sections 511.350 and 511.360, R.S.Mo., 1959, V.A. M.S., unless renewed on timely scire facias. Of course, the only "judgment" in the consolidated cases described was the entire decree or judgment adjudicating the fee simple title to the real estate in Dean B. Pearson on the conditions stated. It is apparent that the court in those consolidated cases, finding certain amounts of money to be due to two of the parties, growing out of the subject matters involved, included those parties and their allowances in the decree and prescribed equitable liens on the title to the real estate to secure them. In so doing, the court referred to the adjudicated liens themselves as "judgments" in the decree, to be satisfied as a condition of the fee simple title to the real estate awarded to Dean B. Pearson. In State ex rel. Whatley, Jr. v. Mueller, Mo.App., 288 S.W. 2d 405, 410, the court quotes with approval from 49 C.J.S. Judgments § 72, p. 192, as follows: "An obscure judgment entry may, however, be construed with reference to the pleadings and record, and, where on the whole record its sense can be clearly ascertained, the judgment will be upheld." The court further said (p. 410 of 288 S.W.2d): "Even though the judgment may not be complete within itself, and contain within its four corners the mandate of the court, it is nevertheless sufficient if it can be made perfect by reference to the pleadings or papers on file in the case." The Supreme Court has stated and reaffirmed the following principle: "Thus an order or judgment (at least one which is not absolutely unintelligible) cannot be void on its face or an absolute nullity if it appears that the court which entered it had jurisdiction of the parties and of the subject matter and

had jurisdiction to enter the particular order." State ex rel. Rosen v. McLaughlin et al., Mo. en banc, 318 S.W.2d 181, 185, 68 A.L.R.2d 1366. See also Flynn v. Janssen et al., Mo., 266 S.W.2d 666, 670(3). The judgment in the case at bar on its face shows no jurisdictional defects, is presumptively valid and binding and may not be collaterally attacked. Brand v. Brand et al., Mo., 243 S.W.2d 981, 983; Johnson v. Baumhoff, 322 Mo. 1017, 18 S.W.2d 13; Vorhauer et al. v. Sweeney et al., Mo.App., 217 S.W.2d 985, 987.

■ Likewise, defendant complains that the judgment is void because it fails to make provisions for its execution. This is a collateral attack on the validity of the judgment which, as stated, cannot be entertained or sustained. Such, too, is her further point that the judgment in the two consolidated cases was not authorized by the pleadings in such cases, which point, for the reasons given, must be overruled. Furthermore, in defendant's attack upon the validity of that judgment, it will be recalled that she was a party to the consolidation and trial of those cases and the judgment therein, which awarded a conditional fee title to the property involved to Dean B. Pearson, who was the grantor of the warranty deed under which she is now claiming title to the property. She is therefore denying the validity of a judgment under which her grantor took title. "The rule", said the court, in part, in Owen v. City of Branson, Mo.App., 305 S.W.2d 492, 497, "precludes one who accepts the benefits from questioning the validity of the accompanying obligations. For convenience, we will hereinafter refer to this rule or doctrine as an estoppel." See also Sage v. Finney, 156 Mo.App. 30, 135 S.W.2d 996, 1000.

■ The further point is made that regardless of the validity of the judgment and lien, the lien would have long ago become dormant under Sections 511.350 and 511.-360, R.S.Mo.1959, V.A.M.S., limiting to three years the period for which a judgment in the circuit court is a lien on real

estate of the judgment debtor. Those sections do not apply to the special liens here under consideration. "These sections do not apply to judgments and decrees which specifically create liens against real estate described in the judgments, but to judgments in personam." Rosenzweig v. Ferguson, 348 Mo. 1144, 158 S.W.2d 124, 126. See also Sidney Smith, Inc. v. Steinberg, Mo.App., 280 S.W.2d 696. We conclude that the record does not show expiration of the liens in suit.

Defendant again reviews generally the extensive litigation between herself and Ferris Pearson and the conduct of the parties participating therein as described hereinbefore, and asserts that the record is so fraught with fraud as to vitiate any recovery by the plaintiffs in the instant case. The charges are the same or similar to those heretofore reviewed and we find no justification in the record for an adjudication of fraud in the present action.

Lastly, the defendant again attacks the validity of the judgment containing the liens sued upon herein. She states that the judgment is void because it did not dispose of all of the issues as to all of the parties. Defendant assigns as an additional attack upon the judgment in the consolidated cases that it did not adjudicate the issues in Case #3489, nor the issues in Case #3652 as to Joyce Pearson (wife of Dean B. Pearson, plaintiff therein) and as to defendants Barlow. It was said in Skillman et al. v. Clardy, 256 Mo. 297, 165 S.W. 1050, 1056: "The rule is that judgment defendants well served * * * cannot complain, even on appeal (let alone on collateral attack), that the judgment is void as to the parties defendant not served * * *. The modern doctrine is that a judgment * * * is no longer held to be in so far forth an entirety that if void as to one it is void as to all." As heretofore ruled, we may not entertain an indirect collateral attack on the validity of the judgment for the reasons already assigned.

There being no error substantially affecting the merits of the judgment in the case, the same should be affirmed. The Special Commissioner so recommends.

PER CURIAM.

The foregoing opinion of DEW, Special Commissioner, is adopted as the opinion of the Court.

BROADDUS, P. J., and HUNTER, J., concur.

CROSS, J., not participating.