QUESTION: May an applicant who has taken the certification examination of the Florida Construction Industry Licensing Board authorize his attorney or agent to inspect, under s. 468.110(1), F.S., his examination papers and grades?
SUMMARY: Under s. 468.110(1), F.S., an applicant who has taken the certification examination of the Florida Construction Industry Licensing Board may authorize his attorney or agent to inspect his examination papers and grades. Section 468.110(1), F.S., provides as follows: All information required by the board of any applicant for certification or registration shall be a public record except financial information and examination grades which are confidential and shall not be discussed with anyone except members of the board and its staff, but the applicant is entitled to see his examination papers and grades. An applicant may waive in writing the confidentiality of his examination for the purpose of discussion at meetings of the board. Thus, the examination results of the Construction Industry Licensing Board could be characterized as "limited access" public records to which the general public does not possess a right of inspection pursuant to Ch. 119, F.S. Section 119.07(2)(a) exempts from Ch. 119 public records which are deemed by general or special act of the Legislature to be confidential. The exemption afforded under s. 468.110(1), supra, is qualified to the extent that the applicant, members of the board, and the board's staff are entitled to inspect the applicant's examination papers and grades. Compare AGO 074-259, holding that test results of Sanitarians Registration Board are public records not statutorily exempt from disclosure and as such are open to inspection by any person. In AGO 072-413, this office expressed the view that Florida corporations acting through their agents are entitled to inspect public documents. Similarly, it follows that an applicant who possesses a right of inspection under s. 468.110(1), supra, may authorize his agent to exercise said right of inspection in lieu of or concurrently with the applicant. See generally 2A C.J.S. Agency ss. 143-145. If a duly authorized agent is an attorney, a general presumption exists that said attorney is duly authorized to act for a client whom he professes to represent, and in the absence of some allegation questioning the attorney's acts upon the ground of fraud or otherwise, the presumption is conclusive. Mendelsund v. SouthernAire Coats of Florida, Inc., 210 So.2d 229 (3 D.C.A. Fla., 1968), cert. den., 225 So.2d 524. Your question is, therefore, answered in the affirmative.